476 So.2d 469 (1985)
ALLIED FIDELITY INSURANCE CO.
v.
Bernard E. BOUDREAUX, Jr., District Attorney For the Parish of St. Mary.
No. CA 84 0781.
Court of Appeal of Louisiana, First Circuit.
October 8, 1985.
*470 Joshua J. Pitre, Opelousas, for plaintiff-appellant.
James R. McClelland, Franklin, for defendant-appellee.
Before EDWARDS, LANIER and JOHN S. COVINGTON, JJ.
LANIER, Judge.
This is a suit by a compensated surety seeking to annul twelve criminal bail bond judgments of forfeiture. The surety also sought to enjoin execution on the judgments pending a ruling on its actions for nullity. The trial court granted a preliminary injunction. After a trial, the district court set aside four of the judgments of forfeiture and enjoined the State from enforcing them.[1] Relief was denied on the remaining eight judgments of forfeiture and the preliminary injunction affecting them was dissolved. The surety took this suspensive appeal.

FACTS
On July 6, 1982, on motion of the State, the following judgments of bail bond forfeiture were entered in the Sixteenth Judicial District Court, Parish of St. Mary, against Allied Fidelity Insurance Co. (Allied):

(1) Donald L. Sansouci - $2,000
(2) Dwight J. Bunch - 5,000
(3) Robert L. Bush - 250
(4) Jodi L. Verhulst - 400
(5) Alex Nolan - 1,500
(6) Robert M. Willcox - 250

On that same date, Heloise D. Burleigh, Criminal Minute Clerk for the Sixteenth Judicial District Court, Parish of St. Mary, sent letters of notification in each of these cases to the defendant, the bondsman and Allied. Each letter was dated July 6, 1982, referred to the title and docket number of the case and provided as follows:
Dear Sir:
You are hereby notified that on the 6th day of July, 1982, a JUDGMENT FORFEITING THE BAIL BOND which you posted in the above numbered and entitled matter was rendered in the 16th Judicial District Court.
Sincerely,
Heloise D. Burleigh Deputy Clerk of Court St. Mary Parish, Louisiana
P.S. If you have any questions about this, please call the District Attorney's Office at XXX-XXX-XXXX, ext. 600.
A copy of the Allied bail bond power of attorney was included in each letter sent to Allied and the bondsman. Copies of these letters were filed in each case file. Formal judgments of forfeiture were signed in each of these cases on July 9, 1982.
On September 15, 1982, on motion of the State, the following judgments of bail bond forfeiture were entered in the Sixteenth Judicial District Court, Parish of St. Mary, against Allied:

(1) Rew E. Winebrenner - $4,000
(2) Charles Mancil - 5,000

On September 29, 1982, Melanie T. LaRive (Burleigh's assistant) sent letters of notification in the Mancil case to the defendant, the bondsman and Allied. On September 30, 1982, LaRive sent letters of notification in the Winebrenner case to the defendant, the bondsman and Allied. These letters were identical to the letters sent on July 6, 1982, except they were over LaRive's signature and the bail bond power of attorney number was placed on the letters sent to *471 Allied and the bondsmen. Copies of each of these letters were placed in each case file. Formal judgments of forfeiture were signed in each of these cases on October 11, 1982.

FAILURE TO EXECUTE AFFIDAVIT OF MAILING

(Assignment of Error No. 1)
On July 6, 1982,[2] La.R.S. 15:85(A)(1) provided as follows:
A. All bonds taken to secure the appearance of any person before any district court executed by a surety company authorized to do business in the State of Louisiana or an agent of such a company, except at a preliminary examination, shall be forfeited and collected as follows:
(1) If at the time fixed for appearance such person fails to appear and answer when called, the judge, on motion of the district attorney, upon hearing of proper evidence including service or attempted service upon the defendant and service upon the surety, shall forthwith enter a judgment decreeing the forfeiture of the bond and against such person and his sureties in solido for the full amount thereof. After entering the fact of such failure to appear in the court minutes, the clerk of court shall promptly mail notice of the forfeiture, which shall include the power of attorney number used to execute the bond, to the surety on the bond whose address is on the face thereof and shall execute an affidavit of the mailing and place it in the record. A copy of the notice also shall be mailed to the agent of the surety who posted the bond. Mailing the notice to the agent alone shall not constitute compliance with this Section. Failure to mail the proper notice within six months after the entry of the forfeiture shall release the surety from all obligations under the bond. [Emphasis added].
In the contested forfeitures herein, the clerk of court failed to execute an affidavit of mailing. Allied contends this failure requires that the judgments be annulled because the State did not strictly comply with the forfeiture statute, citing State v. Hathaway, 403 So.2d 737 (La.1981) and State v. DeLaRose, 391 So.2d 842 (La. 1980).
In Hathaway, the defendant failed to show up for two sentencings on April 30, 1980. The surety appearance bonds in each case were forfeited on May 12, 1980. One judgment of forfeiture was rendered against the wrong surety but was later amended on September 11, 1980. Notice was sent to the correct surety for the first time on September 15, 1980. On the second bond, the judgment of forfeiture was in the wrong amount and no notice was sent to the surety. An amended judgment in the correct amount was rendered on September 11, 1980. On that same date, notice of the forfeiture was mailed to the surety, but the notice stated the wrong amount. At the time of the initial forfeitures, La.R.S. 15:85(A) provided failure to mail the notice of forfeiture in 60 days would release the surety.[3] The court observed that the State must comply strictly[4] with the terms of the statute regulating bond forfeitures and there was a four month delay between the forfeitures and *472 the mailing of notice. Because the delay in mailing the notice exceeded that authorized by the statute, the surety was discharged from its obligations.
In DeLaRose, the defendant failed to appear for trial on August 14, 1978, and the State moved to forfeit the bond. However, the judgment of bond forfeiture was not entered until October 15, 1979. Notice of forfeiture was mailed on October 22, 1979. The court observed that the requirement of La.R.S. 15:85(A) that the judgment of forfeiture be entered "forthwith" showed a legislative intent for immediate action while the probability of locating the defendant was greater. The 14 month delay between the motion for forfeiture and the actual forfeiture was not strict compliance with the statute and defeated the statutory scheme for prompt notice to the surety to enhance the possibility of location and surrender of the defendant. The judgment of forfeiture was annulled.
The Hathaway and DeLaRose cases are clearly distinguishable from the instant cases. In the instant cases, the judgments were entered immediately (forthwith) after the State's motion and the notices of forfeiture were timely sent. Copies of the notices sent were filed in each record. The only deviation from the statute was the failure to file an affidavit of mailing. This deviation did not affect Allied's ability to locate the defendants and cause them to be surrendered to the State. This deviation did not deprive Allied of an opportunity to protect its rights.[5] Because the rights of Allied were not prejudiced, this clerical error cannot be used to invalidate the judgments of forfeiture. Cf State v. Bullock, 412 So.2d 1059 (La.1982).
This assignment of error is without merit.

EVIDENCE OF DEFENDANTS'

VIOLATION OF BOND OBLIGATION

(Assignment of Error No. 2)
Allied contends the trial court committed error by "finding that proper evidence was adduced which showed that the defendants had failed to comply with the bond application." In brief, Allied asserts the following:
Appellant has shown that there existed no transcript of any proceeding in open court where the District Attorney presented evidence of notice of the appearance date of service on the surety and the defendants' failure to appear.
Appellant has shown that there existed no court transcript or minute entry of any proceeding showing that in open court the District Attorney moved for judgment and presented evidence of notice of appearance date, of service on the surety and the defendant, and of defendant's failure to appear.
These specific contentions were not asserted by Allied in its petition. Allied only specifically pled therein "the failure of the Clerk of Court to properly give notice to the surety". Allied did plead generally that the judgments of forfeiture were obtained in violation of La.R.S. 15:85. However, these specific allegations are contained in Allied's pretrial memorandum. (The closing arguments of counsel were not transcribed, so we do not know what was argued to the trial court.)
Prior to trial, Allied issued a subpoena duces tecum for the case files, transcripts and minute entries of each of the twelve judgments of forfeiture. These documents were filed in evidence (excluding the Wobst file) in globo as Plaintiff's one. Allied stipulated that it (as surety) got notice of the appearance date of each defendant except Wobst.
The trial judge rendered oral reasons for judgment from the bench. The trial judge observed that "[t]he parties have stipulated that the defendants received proper notification to appear before the Court on the dates fixed for their trials; ..." (Emphasis added). The trial judge found as fact that *473 Allied was timely notified of the forfeitures, held the technical failure to file the affidavits of mailing did not prejudice Allied and denied Allied's request to annul the eight forfeitures at issue herein.
Initially, we note that, although the parties only stipulated that Allied received proper notice of the defendants' appearance dates, the trial court found that the parties stipulated that the defendants received proper notice to appear. This finding does not accurately reflect the stipulation in the record. We must assume that, because of this erroneous finding, the trial court did not review the individual files to see if there was proper notice, or attempted notice, to each defendant.
Secondly, the record before us contains no transcripts of the proceedings when the judgments of forfeiture were entered. Since such transcripts were subpoenaed by Allied and were not produced, we must assume that there are none. The minute entries for the proceedings when the judgments of forfeiture were entered do not reflect what "proper evidence" was received by the trial court to comply with the requirements of La.R.S. 15:85(A)(1). No evidence was taken on this issue at the trial. In this posture, the instant case is similar to State v. Mills, 390 So.2d 874, 877 (La.1980), wherein the Louisiana Supreme Court observed as follows:
Our inquiries into service or attempted service on the defendant and service on the sureties are hampered by the absence of an adequate record in this case. We do not have before us any transcript of proceedings in court on October 18, 1976, when the district attorney moved for bond forfeiture. Consequently, we cannot determine whether the judge considered as `proper evidence' anything beyond the returns on the subpoena before decreeing forfeiture of the bond. On the present limited record before us, we are inclined to conclude that considering R.S. 15:85 A(1), the motion to rescind the bond forfeiture should have been granted. However, we decline to so decide where the record is so incomplete, especially where evidence was not presented at the hearing on the motion to rescind.4
For these reasons, we determine that fairness to both the state and relator would better be served by upsetting the judgment of bond forfeiture and remanding this case for a full evidentiary hearing, whereat the trial court can properly resolve whether the requirements of R.S. 15:85 A(1) were met.
4. While the record in its present posture is silent in this regard, counsel in brief contends that the judge would not hear evidence when the motion to rescind was taken up.
[Emphasis added].
Because the record herein is incomplete (as in Mills), we must remand this case for an evidentiary hearing.

DECREE
For the foregoing reasons, the judgment of the trial court is reversed and this case is remanded to the trial court for further proceedings. The trial court shall review each record and determine if there was proper notice[6] on each defendant and shall conduct a full evidentiary hearing to determine if "proper evidence" was received to justify the granting of each judgment of forfeiture. Allied is cast for the cost of this appeal.
REVERSED AND REMANDED.
NOTES
[1] The trial court annulled the following judgments of forfeiture:

(1) David E. Carver - $ 1,000
(2) William B. Miller - 30,000
(3) Wotan A. Wobst - 100,000
(4) Victor L. James - 750

At the trial, the State did not contest James, Carver or Miller. The correctness of the judgment on Wobst has not been appealed.
[2] La.R.S. 15:85(A)(1) was amended by Act 357 of 1982 which became effective September 10, 1982. This amendment is not pertinent to the Winebrenner and Mancil judgments of forfeiture rendered on September 15, 1982, on the issue presented in this assignment of error.
[3] La.R.S. 15:85(A) was amended by Act 639 of 1980, effective September 12, 1980, to change the 60 day period to a 6 month period.
[4] It is interesting to note that, although it has been held that there must be strict compliance with the forfeiture statute where the rights of a compensated surety are involved, it has also been held that the obligations set forth in a bond given by a compensated surety are strictly construed in favor of affording protection to the obligee in whose favor the bond was issued. Louisiana Bank and Trust Co., Crowley, Louisiana v. Roanoke Rice Co-op, 298 So.2d 868 (La. App. 3rd Cir.1974), writs denied, 302 So.2d 35 (La.1974); Prestigiacomo v. Phoenix Insurance Company of Hartford, 231 So.2d 431 (La.App. 4th Cir.1970); State v. Preferred Accident Insurance Company of New York, 149 So.2d 632 (La. App. 1st Cir.1963).
[5] The rights and obligations of a surety on a criminal bail bond are set forth in Rockwood Insurance Company v. City of Baton Rouge, 418 So.2d 716 (La.App. 1st Cir.1982).
[6] Act 357 of 1982 changed language in La.R.S. 15:85(A)(1) from "including service or attempted service upon the defendant and service upon the surety ..." to "including notice to the defendant and the surety, if such is required by Code of Criminal Procedure Art. 337,..."