561 So.2d 842 (1990)
STATE of Louisiana, Plaintiff-Appellee,
v.
William G. OWENS, Jr., American Bankers Insurance Company, and Harry the Bondsman, Inc., Defendants-Appellants.
No. 21459-CA.
Court of Appeal of Louisiana, Second Circuit.
May 9, 1990.
Richie & Richie by Byron A. Richie, Shreveport, for defendant-appellant, Harry the Bondsman, Inc.
Henry A. Brown, Dist. Atty. and Bobby L. Stromile, Asst. Dist. Atty., Benton, for plaintiff-appellee, State.
Before SEXTON, NORRIS and HIGHTOWER, JJ.
*843 SEXTON, Judge.
The surety and bondsman appeal the district court's refusal to set aside a judgment of forfeiture and to release the surety from its appearance bond on a criminal defendant. We affirm.
On February 10, 1988, American Bankers Insurance Company of Florida (the surety), through its agent and attorney-in-fact Harry the Bondsman, Inc. (the bondsman), guaranteed the appearance of William G. Owens, Jr., a criminal defendant charged with multiple counts of distribution of controlled dangerous substances in the 26th Judicial District Court in Bossier Parish. The bond to secure his appearance was in the amount of $15,345.00.
Defendant originally pled not guilty to all counts, but pled guilty to one of the three counts on March 28, 1988, in exchange for a dismissal of the other two counts. Sentencing was scheduled for May 10, 1988.
When defendant failed to appear for sentencing, his bond was ordered forfeited. On May 17, 1988, a deputy clerk for the parish issued a notice (of forfeiture) to the surety and the bondsman advising them that the defendant had failed to appear as scheduled. The notice further identified the individual who signed the bond, the date defendant was to have appeared, the charge to which defendant was to have answered, and the date of the forfeiture. That same day, the deputy clerk also executed an affidavit that she had notified the surety and the bondsman.
On July 19, 1988, the district court signed a judgment forfeiting the bond at issue. On January 3, 1989, the deputy clerk issued a writ of fieri facias ordering the seizure and sale of property belonging to the bondsman.
The surety and the bondsman filed a "Motion to Set Aside the Judgment of Bond Forfeiture" on March 23, 1989. This motion also sought the release of the surety and bondsman from their obligations under the appearance bond. Following an evidentiary hearing, for oral reasons recited, the district court denied the relief sought by the surety and bondsman. They now bring this appeal, arguing that the district court erred in concluding that they had been given proper notice of the forfeiture.
Appellant's argument focuses on the contention that the notice of May 17th to the surety and bondsman failed to contain the power of attorney number under which the bond was executed. Additionally, appellants complain that the clerk's affidavit of mailing of notice was deficient in several particulars, i.e., lack of (1) a docket number, (2) the amount of the bond, (3) the nature of the prosecution, and (4) the identity of the case.
The latter contention is easily disposed of. LSA-R.S. 15:85 requires that when a bond forfeiture occurs and the clerk has mailed notice of the forfeiture that a clerk execute an affidavit of the mailing and place it in the record. No specific formalities with respect to that affidavit are required by the statute. The instant affidavit which certified that the instant defendants had been notified that the bond to secure the appearance of William G. Owens had been forfeited satisfies the statute.
It is the uncontested failure of the instant notice to include the power of attorney number which forms the primary contention by the surety and bondsman in the instant case. They contend that the lack of that power of attorney number renders the notice they received legally infirm.
The notice at issue, reproduced in its entirety, is as follows:
*844
 N O T I C E
 -----------
 TO: AMERICAN BANKERS INSURANCE CO.
 HARRY THE BONDSMAN, INC.
 YOU ARE HEREBY NOTIFIED that in this this case, the
 accused WILLIAM G. OWENS , being at liberty under
 a bail bond signed by D. A. HALL , as surety,
 has failed to appear in Court on May 10, 1988, as he
 was bound to do, to answer the charge of DIST. OF MDMA ,
 and the bond has been foreited on this date May 10, 1988 .
 BENTON, LOUISIANA, this 17th day of May ,
 1988.
 
 DEPUTY CLERK, BOSSIER PARISH, LA.
When a criminal defendant whose appearance is secured by an appearance bond fails to appear for a court hearing, on motion of the district attorney, upon hearing of proper evidence, the district court shall enter a judgment against him and his sureties in solido for the full amount of the bond. After entering the fact of the defendant's failure to appear in the court minutes, the clerk of court shall promptly mail notice of the forfeiture to the surety on the bond and shall execute an affidavit of the mailing and place it in the record. A copy of the notice also shall be mailed to the agent or bondsman of the surety who posted the bond. The notice of forfeiture shall include a power of attorney number used to execute the bond. LSA-R.S. 15:85 A(1).
The Louisiana Supreme Court has strictly required that notice of a bond forfeiture must be mailed both to the surety as well as the bondsman. State v. Hathaway, 403 So.2d 737 (La.1981); State v. Coran, 386 So.2d 914 (La.1980). Likewise, failure to notify the surety of a defendant's appearance date as then required by LSA-C.Cr.P. Art. 337 invalidated a bond forfeiture.[1] Also, in State v. DeLaRose, 391 So.2d 842 (La.1980), a delay of 14 months between the prosecution's oral motion for bond forfeiture and the court's entry of the judgment of bond forfeiture was said to defeat the statutory scheme of prompt notice.
However, in other cases our courts have forgiven slight deviations from the LSA-R.S. 15:85 procedure.
In Allied Fidelity Insurance Co. v. Boudreaux, 476 So.2d 469 (La.App. 1st Cir. 1985), the court held that the clerk of court's failure to execute an affidavit of mailing following the notice of forfeiture did not affect the surety's ability to locate the defendants and cause them to be surrendered to the state. Because the surety's rights were not prejudiced, the failure to execute the affidavit did not invalidate the forfeiture.
In State v. Anthony, 525 So.2d 247 (La. App. 1st Cir.1988), the issue was whether *845 the bond forfeiture was valid where notice of the defendant's court dates had not been served on him because he had supplied the court with two false addresses:
In any event, we do not interpret R.S. 15:85 as requiring actual notice. Due process under article 1, § 2 of the Louisiana Constitution of 1974 and the fifth and fourteenth amendments of the United States Constitution requires that in an action to deprive a person of life, liberty, or property, the person must be given notice of the proceedings and a hearing appropriate to the nature of the case. Due process does not demand that a party actually receive the notice, it only requires that the method of service used be reasonably calculated to give the party actual notice. Ray v. South Central Bell Tel. Co., 303 So.2d 877, 880 (La.App. 1st Cir.1974), aff'd, 315 So.2d 759 (La.1975). In the instant case, the state proved that it sent defendant notice of the hearing dates to the addresses he furnished. It would be a travesty of justice for this court to find that because Anthony thwarted the state's efforts to deliver the notices to him, he was never obligated to appear in court. Accordingly, defendant's failure to receive actual notice of the second arraignment date does not prevent the state from seeking the forfeiture of Sunbelt's bond due to his nonappearance.
State v. Anthony, supra at 249 (emphasis ours).
State v. Bullock, 412 So.2d 1059 (La. 1982), is somewhat similar to the instant case. There, the notice of forfeiture contained the power of attorney number used to execute the bond, but the number was missing an alphabetical and numerical prefix. The supreme court found that the notice complied with the statute because the prefix was only relevant to indicate the state in which the bond was executed and the maximum dollar limit of the bond. The notice did contain defendant's name and address, the charge, the amount and date of the bond, the name of the surety's agent, the name of the court in which the bond was posted, and the power of attorney number, which was complete except for the prefix:
The purpose of R.S. 15:85 A(1)'s requirement that the notice of forfeiture include the power of attorney number is to insure that the surety can quickly identify its obligation and the power of attorney on which that obligation is based. Requiring prompt and adequate notice to the surety enhances the surety's chances of locating the defendant and surrendering him to the court for trial, a desirable objective from the point of view of both the surety and the state.
State v. Bullock, supra at 1060.
In the instant case, the notice to the surety and bondsman contained the name of the defendant, the crime with which he was charged, the name of the agent who executed the bond, the date on which the defendant was to have appeared in court, and the parish and state in which the bond was forfeited. However, the notice clearly fails to indicate the power of attorney number used to execute the bond.
It can be argued that the language of LSA-R.S. 15:85 regarding the use of the power of attorney number in the notice of forfeiture is couched in mandatory terms. The statute provides that the notice of forfeiture "shall include the power of attorney number used to execute the bond."
Statutes may be classified generally as either mandatory or directory. If mandatory, they prescribe, in addition to requiring the doing of the thing specified, the result that will follow if they are not done. Whereas, if directory, their terms are limited to what is required to be done. Generally, statutory provisions that do not relate to the essence of the thing to be done, and as to which compliance is a matter of convenience rather than substance, are directory, while provisions which are related to the essence of the thing to be done, that is, matters of substance, are mandatory. Sanders v. Department of Health and Human Resources, 388 So.2d 768, 770 (La. 1980), on remand, 394 So.2d 629 (La.App. 1st Cir.1980), writ denied, 399 So.2d 602 (La.1981).
*846 In Sanders, a rule which required that the director of the Civil Service Commission be served with a notice of an employee's termination was found to be directory rather than mandatory because the employee would suffer no prejudice if the director were not served. His role in the process of reviewing civil service complaints had changed and, as a result, the rule requiring that he be given notice had diminished in importance. A significant consideration in determining whether a statutory requirement should be given mandatory or directory effect is a comparison of the results to which each construction would lead. In Sanders, the court concluded that the results would not differ, regardless of whether the director had been given notice that the plaintiff had been terminated; the employee would suffer no prejudice because the director no longer had any power or authority in appeals such as his.
The opposite result obtained in Department of Corrections v. Pickens, 468 So.2d 1310 (La.App. 1st Cir.1985). A terminated employee was not given notice of his termination in accordance with civil service rules. The court found that the rule was designed to give the employee notice (rather than the civil service director, as in Sanders) and that noncompliance would frustrate the statutory purpose of the rules; thus, this rule was found to be mandatory.
In the instant case, the requirement that the notice of forfeiture contain a power of attorney number used to execute the appearance bond is clearly designed to insure that the surety and bondsman be given adequate notice of the defendant's failure to appear as scheduled in court as soon as possible so that appropriate steps can be taken to locate the defendant and turn him over to the state. However, a notice without the number could still give the surety and bondsman adequate notice such that they could determine the identity of the defendant and their obligation on the bond.
James Lloyd "Buddy" Smith, an employee of the bondsman, testified that he received the notice of forfeiture at issue. He described it as the "standard" notice coming out of that parish: one page, with no attachments. He testified that the bondsman's office maintained its records in alphabetical order with corresponding numbers, though he did not specifically explain the nature of those numbers. However, he further testified that upon receiving the notice, it was only a matter of checking the office computer in order to accurately identify the defendant whose appearance was secured by the bond at issue.
The district court concluded that the instant notice "in no way inhibited [the surety and bondsman] from determining who [the defendant] was or what this bond obligation was." Accordingly, the court found that the appellants experienced no prejudice and denied the relief sought.
Based upon our review of the record, and limited to the facts of this case, we find no error in the judgment of the district court. In this instance, the notice of forfeiture gave actual and reasonable notice to the surety and the bondsman. Cf. Allied Fidelity Insurance Co. v. Boudreaux, supra. Neither the surety nor the bondsman alleged or proved that they were unable to determine the identity of the defendant or the nature of their obligation from the notice that was sent. Because they experienced no prejudice, we find no merit to their argument.[2] Accordingly, the district court judgment denying their motion to set aside the bond forfeiture and other requested relief is hereby affirmed at appellants' costs.
AFFIRMED.
HIGHTOWER, Judge, concurring.
The power of attorney number being neither on the face of the bond nor attached thereto, the surety cannot now assert such a number was "used to execute the bond" *847 so as to trigger the provisions of R.S. 15:85 A(1).
NOTES
[1] Art. 337 was amended by Act 728 of 1987 to require notice to either the surety or the bondsman, but not both.
[2] Our decision should not be read as an approval of the "bare bones" notice at issue. Under different circumstances, such a notice could result in prejudice to the surety and/or bondsman.