626 So.2d 401 (1993)
STATE of Louisiana
v.
James E. LANDFAIR.
No. 93-KA-0106.
Court of Appeal of Louisiana, Fourth Circuit.
October 14, 1993.
*402 William Noland, New Orleans, for defendant/appellee.
Harry F. Connick, Dist. Atty. of Orleans Parish, Val M. Solino, Asst. Dist. Atty. of Orleans Parish, New Orleans, for plaintiff/appellant.
Before CIACCIO, PLOTKIN and WALTZER, JJ.
WALTZER, Judge.
This appeal concerns the grant of a Motion for Discharge and Release of a commercial surety from a bail bond obligation. The trial court found that La.R.S. 15:85(A)(1)(b) was not complied with, in that the notice for bond forfeiture was not sent as mandated by certified mail, return receipt requested.
We affirm the judgment of the trial court.

BACKGROUND FACTS
The defendant is charged with a violation of La.R.S. 14:67(B)(2), relative to felony theft of a battery and tires valued at $100.00 or more, but less than $500.00. The defendant was admitted to $2,000.00 bail; the National American Insurance Co. issued the surety bond. At arraignment the defendant entered a plea of not guilty. The defendant appeared for pre-trial motion hearings and probable cause was found. The defendant was notified for successive trial dates in open court. After several postponements of the trial (the defendant had appeared for each and every scheduled court appearance), the defendant failed to appear on February 25, 1992, although notified in open court. A bond forfeiture hearing was scheduled for March 25, 1992. The defendant, as well as the surety, failed to appear for this hearing, although both had been notified. On the evidence presented, the court ordered the bond forfeited. The trial court issued a judgment of bond forfeiture, ordering the clerk to take the necessary steps to insure the satisfaction of the judgment and collection of $2,000.00. The clerk of court sent notice of bond forfeiture to the National American Insurance Co., P.O. Box 68932, Indianapolis, Ind. 46268 and to Coleen Johnson, attorney in fact, 135 Huey P. Long Ave., Gretna, La. 70053.

PROCEDURAL BACKGROUND
A motion for Discharge and Release of Surety and for Stay Order was filed October 7, 1992, and set for hearing November 6, 1992. The State filed an exception of prescription, arguing that La.R.S. 15:85(A)(2)(a) establishes a 60 day appeal delay, from mailing of proper notice, within which defenses to a bond forfeiture must be asserted, and that this statutory time period had elapsed.

ISSUES
While the prosecution concedes that the bond forfeiture judgment notice was not sent to the surety certified, return receipt requested as statutorily mandated, the prosecution asserts that this was no more than a technical oversight resulting in harmless error. The prosecution further contends that so long as the surety actually received the notice, it matters not that the statute's explicit commands have been ignored. Appellee, on the other hand contends that in order to obtain a judgment of bond forfeiture against a surety the State must comply strictly with the terms of the statute regulating bond forfeitures.

NOTICE REQUIREMENTS
La.R.S. 15:85 provides in pertinent part:
A. All bonds taken to secure the appearance of any person before any district court executed by a surety company authorized to do business in the state of Louisiana or an agent of such a company, except at a preliminary examination, shall be forfeited and collected as follows:

*403 (1)(a) If at the time fixed for appearance such person fails to appear and answer when called, the judge, on motion of the district attorney, upon hearing of proper evidence, including notice or attempted notice to the defendant and the surety, if such is required by Code of Criminal Procedure Art. 337, shall forthwith enter a judgment decreeing the forfeiture of the bond and against such person and his sureties in solido for the full amount thereof. After entering the fact of such failure to appear in the court minutes, the clerk of court shall promptly mail notice of the forfeiture, which shall include the power of attorney number used to execute the bond, to the surety on the bond whose address is on the face thereof and shall execute an affidavit of the mailing, and place it in the record. A copy of the notice also shall be mailed to the agent of the surety who posted bond. Mailing the notice to the agent alone shall not constitute compliance with this Section. Failure to mail the proper notice within six months after the entry of the forfeiture shall release the surety from all obligations under the bond.
(b) "Notice to the defendant," for purposes of this Section, shall be made by first class mail, postage prepaid, to the address provided by the defendant under his bond obligation, or by personal or domiciliary service on the defendant, and by certified mail, return receipt requested, to the defendant's surety. (emphasis supplied)
Minor defects on the face of the bond forfeiture notice, such as the omission of the surety agent's power of attorney number, were held insufficient in gravity to relieve the surety of its obligation. State v. Owens, 561 So.2d 842 (La.App. 2nd Cir., 1990). Although the power of attorney number fell under the "shall" language of the statute that court determined that absent actual prejudice "shall" should be read as "directive". We find that this approach raises more problems than it solves. A policy in which a statute is sometimes read as mandatory when prejudice is caused to the defendant, and directive when no prejudice is found, does not provide consistent and definite means by which the State should act when a bond is forfeited and does not uniformly afford a defendant his due process rights.
Appellee's arguments that "shall" should uniformly be read as mandatory and that the bond forfeiture statute's notice requirements are obligatory, are not only supported by the caselaw, but, more importantly, by our Criminal Code of Procedure. La. C.Cr.P. Art. 5 provides:
The word "shall" is mandatory, and the word "may" is permissive.
The dictionary defines "mandatory" as containing a command; imperative; peremptory; obligatory; permitting no option; whereas "permissive" is defined as allowable; that which may be done; lenient; tolerant. The commands in La.R.S. 15:85 cannot be mandatory and permissive at the same time. A more consistent approach is indicated. Bond forfeitures are not favored. Before a judgment of bond forfeiture may be entered, the State must comply strictly with the provisions of La.R.S. 15:85; State v. DeLaRose, 391 So.2d 842 (La.1980); State v. Robinson, 504 So.2d 1160 (La.App. 5th Cir., 1987); State v. Dickerson, 534 So.2d 976 (La.App. 5th Cir., 1988).
A clear reading of the statute indicates that notice shall be made "by first class mail, postage prepaid, to the address provided by the defendant under his bond obligation, or by personal or domiciliary service on the defendant, and by certified mail, return receipt requested to the defendant's surety." This mandatory procedure, combined with the other requirements of La.R.S. 15:85 provides the best means of assuring to the court that the notice requirement has been complied with. La.R.S. 15:85 has been amended over the years in many respects, but the requirement that notice be mailed "certified, return receipt requested" has remained unchanged. The statute is unambiguous and compliance is not burdensome.

PRESCRIPTION OF APPELLATE DELAYS
La.R.S. 15:85(A)(2)(a) establishes a 60 day appeal delay from the date of proper notice of forfeiture during which the surety must assert a defense to the bond forfeiture *404 or lose that right. Here the mandate of La.R.S. 15:85(A)(1)(b) was not complied with and notice was not "proper", thus, the bond forfeiture judgment was subject to a vice of form listed in La.C.C.P. art. 2002(2).
Accordingly, the trial court was correct to order the Discharge and Release of the surety.
AFFIRMED.
CIACCIO, J., dissents with reasons.
CIACCIO, Judge, dissenting with reasons.
I respectfully dissent.
LSA-R.S. 15:85(A)(2)(a) establishes a sixty day appeal delay from the date of mailing of proper notice of the forfeiture, during which the surety must assert a defense to the bond forfeiture. In the instant case notice was mailed on March 30, 1992. National American Insurance Company filed its motion for discharge on October 7, 1992, well beyond the sixty day limit. After the expiration of the sixty day appeal period a surety's right to raise a defense to the bond forfeiture is extinguished by peremption. State v. Bibbins, 609 So.2d 852 (La.App. 4th Cir.1992), affirmed on rehearing, (Dec. 16, 1992). Accordingly, National American's right to raise a defense to the bond forfeiture has been extinguished.
The majority takes the position that notice of forfeiture was not proper because the clerk of court failed to comply with the mailing requirements of R.S. 15:85(A)(1)(b). It emphasizes that "shall" as used in the bond forfeiture statute is mandatory and that the notice requirements are obligatory. R.S. 15:85 requires notice only, not proof of service. For all intents and purposes, there is no substantive difference between sending the notice certified mail and certified mail, return receipt requested. The sole purpose in mailing the notice return receipt requested is to prove actual service, which the state is not obliged to do under the statute.
Mailing the notice required by R.S. 15:85 certified mail, rather than certified mail, return receipt requested, was a technical oversight, which in the context of this case was harmless error. Appellate courts have previously held that technical errors in the mailing of bond forfeiture notifications are harmless error. The crucial considerations are whether the surety in fact received timely notice of the forfeiture, and whether the deficiencies in any way prejudiced the surety in its ability to locate the defendant, or otherwise identify its obligation under the surety contract. See: State v. Brown, 577 So.2d 784 (La.App. 2d Cir.1991); State v. Owens, 561 So.2d 842 (La.App. 2nd Cir.1990) writ denied, 566 So.2d 400 (La.1990); Allied Fidelity Insurance Co. v. Boudreaux, 476 So.2d 469 (La. App. 1st Cir.1985); American Bankers Insurance Co. v. State, 581 So.2d 313 (La.App. 1st Cir.1991).
The state proved that the clerk of court mailed the notice of the bond forfeiture. In light of this and the fact that the surety fails to allege that it did not receive notice or that it was prejudiced because of the deficiency, the trial court was clearly wrong in granting National American Insurance Company's motion to discharge the surety.