ARMSTRONG, Judge.
This is an appeal from the discharge of a surety company, National American Insurance Company (“National”), from a bond obligation which it posted on behalf of defendant Dennis Newlin.[1] The trial court discharged National because notice mailed by the Clerk of Criminal District Court for the Parish of Orleans was sent by certified mail instead of “certified mail, return receipt requested,” as mandated by La.R.S. 15:85(A)(l)(b).
Defendant was arrested and charged by bill of information with burglary of an inhabited dwelling, a violation of La.R.S. 14:62.2. On June 28,1991, National issued a commercial surety bond in the amount of $5,000.00 on defendant Newlin’s behalf. Following pretrial motions trial was set for January 8, 1992. Defendant failed to appear for trial and, after a bond forfeiture hearing, his bond was forfeited on February 28, 1992. The record contains an affidavit by a deputy clerk of the Criminal District Court for the Parish of Orleans attesting that on March 9, 1992, she mailed a copy of the “Notice of Bond Forfeiture” and “Certified Bond” to National and/or its attorney in fact, Colleen Johnson, “postage prepaid and certified.” Copies of two U.S. Postal Service receipts showing that the two items had been sent to National and Ms. Johnson by certified mail on March 11, 1992 were also filed in the record.
On September 23, 1992, National filed a motion for discharge and release of surety. An evidentiary hearing was held during which it was confirmed that the deputy clerk who mailed notice to National and Ms. Johnson sent the letters by certified mail, not certified mail, return receipt requested. The trial court found that notice had not been properly mailed by certified mail, return receipt requested, as mandated by La.R.S. 15:85(A)(l)(a) and, therefore, it discharged and released National from its bond obligation. The State now appeals that judgment.
La.R.S. 15:85 sets out a detailed procedure for the forfeiture and collection of bonds and provides in pertinent part:
A. All bonds taken to secure the appearance of any person before any district court executed by a surety company authorized to do business in the state of Louisiana or an agent of such a company, except at a preliminary examination, shall be forfeited and collected as follows:
(l)(a) If at the time fixed for appearance such person fails to appear and answer when called, the judge, on motion of the district attorney, upon hearing of proper evidence, including notice or attempted notice to the defendant and the surety, if such is required by Code of Criminal Procedure Art. 337, shall forthwith enter a judgment decreeing the forfeiture of the bond and against such person and his sureties in solido for the full amount thereof. After entering the fact of such failure to appear in the court minutes, the clerk of court shall promptly mail notice of the forfeiture, which shall include the power of attorney number used to execute the bond, to the surety on the bond whose address is on the face thereof and shall execute an affidavit of the mailing, and place it in the record. A copy of the notice also shall be mailed to the agent of the surety who posted the bond. Mailing the notice to the agent alone shall not constitute compliance with this Section. Failure to mail the proper notice within six months after the entry of the forfeiture shall release the *5 surety from all obligations under the bond.
(b) “Notice to the defendant,” for purposes of this Section, shall be made by first class mail, postage prepaid, to the address provided by the defendant under his bond obligation, or by personal or domiciliary service on the defendant, and by certified mail, return receipt requested, to the defendant’s surety. (Emphasis added).
The issue presented is whether the mailing of notice of bond forfeiture to a defendant’s surety by certified mail instead of “certified mail, return receipt requested” satisfies the notice requirements of R.S. 15:85. The identical issue was recently considered by this court in the case of State v. Landfair, 626 So.2d 401 (La.App. 4th Cir.1993), where we held that the failure to comply with the statute and mail the notice by certified mail, return receipt requested was per se not “proper.” Under R.S. 15:85(A)(l)(a), the “[f]ailure to mail the proper notice within six months after the entry of the forfeiture shall release the surety from all obligations under the bond.” (Emphasis added). Therefore, the trial court properly discharged and released National from its. bond obligation. -
The State raises the issue of peremption, citing R.S. 15:85(A)(2)(a), which provides that a failure to assert a defense to the forfeiture and collection of the bond within sixty-days constitutes a waiver of any such defense. National’s motion for discharge was filed beyond the sixty-day limit. We rejected this identical argument in State v. Landfair, 626 So.2d at 403.
For the foregoing reasons, we affirm the judgment of the trial court discharging dismissing.

AFFIRMED.

. This appeal does not involve defendant Todd Cornin.