641 So.2d 1050 (1994)
STATE of Louisiana, Plaintiff-Appellee,
v.
Jermaine J. WILLIAMS, Defendant-Appellant.
No. 26024-CA.
Court of Appeal of Louisiana, Second Circuit.
August 17, 1994.
LaValle Salomon, Monroe, for appellant Jermaine J. Williams.
*1051 William Noland, New Orleans, for appellants Ranger Ins. Co. and Nat-American Ins. Co.
Richard Ieyoub, Atty. Gen., Baton Rouge, William R. Coenen, Jr., Dist. Atty., Penny Wise-Douciere, Asst. Dist. Atty., Rayville, for appellee.
Before MARVIN, VICTORY and BROWN, JJ.
VICTORY, Judge.
The single issue presented in this bond forfeiture case is whether or not notice of forfeiture under the provisions of LSA-R.S. 15:85(A) must be made by certified mail, return receipt requested. For the reasons which follow, we answer this question negatively, and affirm the judgment of the trial court denying the motions for discharge and release of sureties filed by appellants, Ranger Insurance Company and National American Insurance Company.

FACTS
Ranger Insurance Company ("Ranger") and National American Insurance Company ("National American") filed appearance bonds in the trial court proceedings on February 2, 1991, naming the defendant, Jermaine Williams, as principal. Consequently, Williams was released on bail. When Williams failed to appear in court on May 6, 1992, judgments of bond forfeitures were rendered and signed on May 7, 1992. On May 21, 1992, the clerk of court filed notices of forfeiture with affidavits reflecting mailing of the notices to the sureties that same day. Ranger and National American, on January 21, 1993, each filed a motion for the discharge and release of each respective surety with relation to the May 1992 judgments of bond forfeiture. After hearing the motions, the trial court subsequently rendered judgment denying the motions, and this appeal followed.

DISCUSSION
The trial court stated in its reasons for judgment:
It is uncontested that the notices of appearance of court date were properly issued, that the proper evidence of bond forfeiture was presented to the Court, that the judgments were properly rendered in open court after due hearing, that the Clerk of Court properly filed its affidavit of mailing, and that the notice of judgment of forfeiture, including all identifying information required by law, was mailed to the sureties and bondsman at the address provided on the face of the bond, all in accordance with R.S. 15:85(A)(1)(a). The only issue raised by the surety company in its "MOTION FOR DISCHARGE AND RELEASE OF SURETY" is the allegation that "no proper notice of said forfeiture was sent to the surety, in the form required by R.S. 15:85(A)(1)(b)." The surety company is claiming that the notice of forfeiture must be sent to the surety company by the Clerk of Court by certified mail.
The provisions of LSA-R.S. 15:85(A), as they read at times pertinent to this litigation, stated:
A. All bonds taken to secure the appearance of any person before any district court executed by a surety company authorized to do business in the State of Louisiana or an agent of such a company, except at a preliminary examination, shall be forfeited and collected as follows:
(1)(a) If at the time fixed for appearance such person fails to appear and answer when called, the judge, on motion of the district attorney, upon hearing of proper evidence, including notice or attempted notice to the defendant and the surety, if such is required by Code of Criminal Procedure Art. 337, shall forthwith enter a judgment decreeing the forfeiture of the bond and against such person and his sureties in solido for the full amount thereof. After entering the fact of such failure to appear in the court minutes, the clerk of court shall promptly mail notice of the forfeiture, which shall include the power of attorney number used to execute the bond, to the surety on the bond whose address is on the face thereof and shall execute an affidavit of the mailing, and place it in the record. A copy of the notice also shall be mailed *1052 to the agent of the surety who posted the bond. Mailing the notice to the agent alone shall not constitute compliance with this Section. Failure to mail the proper notice within six months after the entry of the forfeiture shall release the surety from all obligations under the bond.
(b) "Notice to the defendant," for purposes of this Section, shall be made by first class mail, postage prepaid, to the address provided by the defendant under his bond obligation, or by personal or domiciliary service on the defendant, and by certified mail, return receipt requested, to the defendant's surety.
In State v. Brown, 577 So.2d 784 (La.App. 2d Cir.1991), this court observed that under the provisions of LSA-R.S. 15:85(A)(1), there are two types of notice contemplated. The first is the notice of appearance; the second is notice of judgment of forfeiture. This distinction is particularly important in the instant case because under the plain wording of LSA-R.S. 15:85(A)(1)(b) the only requirement that notice be sent by certified mail, return receipt requested, concerns notice to the defendant's surety in order to satisfy, as to the surety, that portion of the statute requiring "notice to the defendant," a term defined as including notice to the surety. Just as plainly, the quoted words "notice to the defendant" are used in connection with, and only in connection with, notice of the time fixed for appearance. The statute simply does not require notice of forfeiture to be sent to the defendant's surety by certified mail, return receipt requested.
We also observe that while the sending of notice of appearance to the surety by certified mail, return receipt requested, is part of "notice to the defendant," the statute does not require, for obvious reasons, that notice of forfeiture be sent to the defendant who "skipped bail." Instead, under the plain wording of the statute, the clerk of court is simply required to promptly "mail notice of forfeiture ... to the surety on the bond whose address is on the face thereof and ... execute an affidavit of the mailing, and place it in the record." Certainly, the contrasting requirement of giving notice of the appearance date by certified mail, return receipt requested, shows that the legislature knew how to require such notice. We also observe that if the legislature had intended to require notice of forfeiture to be sent by certified mail, return receipt requested, then the statute would be inconsistent both in requiring that the clerk of court execute an affidavit of mailing and in providing a six-month period in which to mail proper notice. These measures focus on mailing, not on receipt.
Finally, we observe that there is a practical reason for requiring certified mailing, return receipt requested, of notice of appearance, while simply requiring mailing of notice of judgment of forfeiture. In the former instance, it is very important to the surety company that it know when the defendant is to appear in court. If the surety company knows the appearance date, then the surety company can attempt to ensure the defendant's appearance and prevent a bond forfeiture judgment from being rendered, rather than later having to try to find the defendant and surrender him in order to have the judgment forfeiting the appearance bond set aside pursuant to the provisions of LSA-R.S. 15:85(A)(3). Furthermore, by knowing the appearance date the surety company can easily ascertain whether or not the defendant appeared as ordered.
Appellants herein rely on the 4th Circuit cases of State v. Cornin and Newlin, 630 So.2d 3 (La.App. 4th Cir.1993), and State v. Landfair, 626 So.2d 401 (La.App. 4th Cir. 1993), reversed, (La.1994), 630 So.2d 1310. In Newlin, the issue presented was whether the mailing of notice of bond forfeiture to a defendant's surety by certified mail instead of certified mail, return receipt requested, satisfied the notice requirements of LSA-R.S. 15:85. Without either discussing or noting the two types of notice required by the statute, the court in Newlin simply observed that the identical issue was considered by that court in Landfair where the court held that the failure to comply with the statute and mail notice by certified mail, return receipt requested, was not "proper." Similarly, in Landfair, the court neither discussed nor noted the two different types of notice required under the statute. The opinion indicates *1053 the prosecution conceded "that the bond forfeiture judgment notice was not sent to the surety certified, return receipt requested as statutorily mandated." Instead, the prosecution asserted that the failure to send notice in that manner was a technical oversight resulting in harmless error. Thus, the opinion focused on issues of strict compliance with the provisions of the statute and the fact that bond forfeitures are not favored generally. The court then took issue with this court's approach in State v. Owens, 561 So.2d 842 (La.App. 2d Cir.1990), writ denied, 566 So.2d 400 (La.1990), in which there was a minor defect on the face of the bond forfeiture notice due to the omission of the surety agent's power of attorney number. This court read that portion of the statute providing that upon forfeiture notice shall include the power of attorney number to be "directive" as opposed to "mandatory." The court in Landfair concluded that our approach "raises more problems than it solves," and concluded that the trial court was correct in releasing a commercial surety from its bail bond obligation because the notice of bond forfeiture was not sent by certified mail, return receipt requested.
We respectfully disagree both with the Landfair court's assessment of this Court's approach in Owens, and with its holding requiring notice of forfeiture to be sent by certified mail, return receipt requested. While we recognize the general policy against bond forfeitures, we hold that under the plain wording of the applicable statutory language, the requirement of sending notice to the defendant's surety by certified mail, return receipt requested, is applicable solely to notice of the appearance date, and not to notice of bond forfeiture. Accordingly, in the instant case where it is uncontested that the notices of the appearance dates were properly issued, and where neither surety company has alleged that it did not receive actual notice of the forfeiture, we hold that the trial court was correct in denying the motions for discharge and release of sureties.

DECREE
For the foregoing reasons, the judgment of the trial court is affirmed. All costs in this court and the trial court are to be borne by appellants.
AFFIRMED.