JaSHORTESS, Judge.
A criminal surety bond issued by Ranger Insurance Company (Ranger) to secure the appearance of Clara Bracy was ordered forfeited by written judgment on September 16, 1992. Notice of forfeiture was sent by ordinary United States mail to Ranger on September 17, 1992. Ranger stipulated it received that notice. Defendant did not appeal the judgment of forfeiture.
On September 7, 1993, Ranger filed a motion to be released as surety based on the clerk’s alleged failure to provide it with “proper” notice. The trial court signed and filed a written judgment denying that motion on November 30, 1993.[1] Ranger appeals from the denial of that motion.[2]
At the time this bond was forfeited, Louisiana Revised Statute 15:85(A) provided in pertinent part[3]:
All bonds taken to secure the appearance of any person before any district court executed by a surety company ... shall be forfeited and collected as follows:
(l)(a) If at the time fixed for appearance, such person fails to appear and answer when called, the judge, on motion of the district attorney, upon hearing of proper evidence, including notice or attempted notice to the defendant and the surety ... shall forthwith enter a judgment decreeing the forfeiture of the bond and against such person and his sureties in solido for the full amount thereof. After entering the fact of such failure to appear in the court minutes, the clerk of court shall promptly mail notice of the forfeiture ... to the surety on the bond_ Failure to mail the proper notice within six months after the entry of | gthe forfeiture *645 shall release the surety from all obligations under the bond.
(b) “Notice to the defendant” for purposes of this Section, shall be made by first class mail, postage prepaid, to the address provided by the defendant under his bond obligation, or by personal or domiciliary service on the defendant, and by certified mail, return receipt requested, to the defendant’s surety.
(Emphasis added.)
Ranger contends the notice provided to it was not “proper notice” within the meaning of the last sentence of Revised Statute 15:85(A)(l)(a) because it was sent by ordinary mail, and not certified mail, return receipt requested. Ranger relies on State v. Landfair, 626 So.2d 401 (La.App. 4th Cir. 1993), and State v. Cornin, 630 So.2d 3 (La. App. 4th Cir.1993), which held that Revised Statute 15:85(A)(l)(b) requires that post-forfeiture notice to the surety be sent by certified mail, return receipt requested. Ranger’s reliance on Landfair and Comin is misplaced. Both were summarily reversed by the Louisiana Supreme Court. See State v. Landfair, 93-2815 (La. 1/28/94), 630 So.2d 1310; State v. Cornin, 94-0132 (La. 3/11/94), 634 So.2d 837.
Furthermore, we agree with the Second Circuit Court of Appeal that “notice to the defendant” referred to in Revised Statute 15:85(A)(l)(b) applies only to notice of the appearance date, and not post-forfeiture notice. State v. Williams, 26024 (La.App. 2d Cir. 8/17/94), 641 So.2d 1050, 1053. We hold that ordinary United States mail is sufficient to meet the mailing requirement for post-forfeiture notice.
For these reasons, the judgment of the trial court denying Ranger’s motion for discharge of surety is affirmed at Ranger’s costs.[4]
AFFIRMED.
CARTER, J., concurs.

. The judgment states that “PATRICIA ANDERSON BONDING AND RANGER INS CO's Motion for Discharge ... is hereby denied. ...” However, the record does not contain a motion filed by Patricia Anderson Bonding.

. Four cases were consolidated with this one for purposes of argument on the motion. The motion for appeal filed on behalf of Ranger and Indiana Lumbermans Mutual Insurance Company listed all five captions, but this court docketed the five appeals separately. Ranger is the only appellant in this case.

.Louisiana Revised Statute 15:85 was amended by Acts 1993, No. 834, § 4, effective June 22, 1993, and Acts 1994, 3rd Ex.Sess., No. 52, § 3, effective September 1, 1994. The 1993 amendment rewrote the section in question herein.

. Because of our decision on the merits, we pretermit discussion of the motion to dismiss the appeal filed by the State of Louisiana.