hSULLIVAN, Judge.
This is a nullity action involving a criminal appearance bond forfeiture judgment. Appellant, National American Insurance Company, seeks reversal of the trial court’s judgment denying its petition for nullity and motion for discharge < and release of National American as surety of defendant, Reynolds Burnes. This case was consolidated on appeal with another appearance bond forfeiture case, State v. Davis, 95-408 (La.App. 3 Cir. 10/4/95); — So.2d -. Due to the fact that different issues are presented in the Davis case, we shall render a separate opinion in that matter.
In the present case, we find the record to be devoid of any proof that the surety, National American, was properly sent notice of the defendant’s arraignment date. For this reason, we reverse and order that the bond forfeiture judgment is null ab initio and that National American is discharged and released from its obligation under the bond.
IzFACTS
Defendant, Reynolds Burnes, was arrested for possession of a controlled dangerous substance in violation of La.R.S. 40:967C. His release from custody was apparently secured by a $1,000.00 appearance bond posted by National American. However, the bond is not in the appellate record.
On October 3, 1991, Burnes was indicted on one count of possession of hydromorphone in violation of the aforementioned La.R.S. 40:967C. Burnes’ arraignment was set for November 4, 1991. The Calcasieu Parish Clerk of Court sent notice of the arraignment date to his attorney, the public defender’s office, on October 24, 1991. The Calcasieu Parish Sheriffs Office sent notice of the arraignment date to the defendant at his Baton Rouge address. The sheriff also sent notice to a bonding company, Indiana Lumbermen’s Mutual Insurance Company, by certified mail, return receipt requested, to its Lake Charles agent/bondsman, Patrick Fuselier. The record indicates that Fuselier accepted delivery of the notice on October 24, 1991. *248 The sheriff’s office did not send such notice of the arraignment date to National American.
On November 4, 1991, Burnes failed to appear before Judge Godwin as ordered for arraignment. The state moved to forfeit the bond pursuant to La.R.S. 15:85(A). Calca-sieu Parish Sheriff Deputy Betty Owens then testified as follows:
He [Burnes] was notified on 10-23-91. Notice was mailed to an addressed (sic) provided on his bond. Notice was returned marked Addressee Unknown. Signed receipt from bondsman returned.
The notices were marked as state exhibit one. Judge Godwin then ordered the bond forfeited and issued a bench warrant for Burnes’ arrest.
The trial court then signed a judgment of appearance bond forfeiture against Burnes and Indiana Lumbermen’s on December 17, 1991. Thereafter, the state moved |gto cancel the bond forfeiture judgment, apparently because it was rendered against the wrong surety, Indiana Lumbermen’s. On January 3, 1992, Judge McLeod signed an order canceling the bond forfeiture judgment previously rendered against Burnes and Indiana Lumbermen’s. On the same date, Judge Godwin signed a second judgment of appearance bond forfeiture, this time against Burnes and National American. This judgment was filed with the Calcasieu Parish Clerk of Court on January 6, 1992. Also on that date, the Clerk of Court sent notice of the bond forfeiture judgment to National American at its Indianapolis, Indiana office. Deputy Clerk of Court Donna Duplichan signed an affidavit attesting to the fact that she mailed the notice to National American. There is no indication in the record as to whether the notice was sent by regular mail or certified mail, return receipt requested.
On July 29, 1994, National American filed its petition for nullity of judgment of bond forfeiture, motion for discharge and release of surety, and request for a stay order. Therein, National American asserted that the bond forfeiture judgment was null because of the following procedural defects:
1) Neither National American nor its bondsman was sent or given written notice of Burnes’ appearance date;
2) At the bond forfeiture hearing, the state failed to enter into evidence the bail bond contract, thus failing to present sufficient evidence to support the judgment;
3) Notice of the bond forfeiture judgment was not sent to the surety, National American, by certified mail, return receipt requested as required by La.R.S. 15:85(A)(l)(b).
On August 3, 1994, Judge Carter held a hearing on the merits of National American’s petition. Several other similar cases were disposed of in the same hearing, which also involved the claims of other bonding companies. The primary issue of contention in all the cases was whether the state is required to send notice of the bond forfeiture judgment to the surety by certified mail, return receipt requested. The trial |4court answered this question in the negative. In addition to arguing this issue, National American’s counsel also contended at the hearing that, in this particular case, National American was not sent and did not receive notice of the arraignment date in the first place.[1]
*249 The trial court denied National American’s petition for nullity and motion for discharge and release. Judgment was signed on August 10, 1994. Thereafter, National American filed an ex parte motion to amend the judgment to correct clerical and typographical errors in the judgment. The trial court then signed an amended judgment in this matter on December 1, 1994.
From this judgment, National American appeals and contends that the trial court erred in dismissing its petition for nullity and motion for discharge and release.
LAW
National American asserts that it should be relieved of its obligation under the bond forfeiture judgment because:
1) It was not sent nor did it receive notice of the appearance date;
|g2) The trial court did not hear “proper evidence” sufficient to support the bond forfeiture judgment; and
3) “Proper notice” of the bond forfeiture judgment was not sent to it as surety.
We find merit in National American’s first contention concerning notice of the appearance date. In reversing the trial court judgment, we pretermit any discussion of the other issues raised by National American.
Bond forfeitures are not favored in law. In order to obtain a bond forfeiture judgment, the state must strictly comply with the statutory requirements regulating bond forfeitures. State v. Hathaway, 403 So.2d 737 (La.1981); State v. DeLaRose, 391 So.2d 842 (La.1980). The pre-June 22, 1993 version of La.Code Crim.P. art. 337 (now La. Code Crim.P. art. 344), which is applicable to this ease, provided:
When a bail bond does not fix the appearance date, and the presence is required of a person who has been released on bail in a felony case, his surety or an agent or bondsman of the surety shall be given written notice of the time, date, and place the principal is required to appear. The notice shall be delivered to the surety or an agent or bondsman of the surety by an officer designated by the court, at least two days prior to the day set for the appearance, or may be mailed to the surety or an agent or bondsman of the surety at least three days prior to the day set for the appearance. When a bail bond fixes the appearance date, no additional notice is required to be given to the defendant or the surety or an agent or bondsman of the surety. If the principal appears as ordered and the proceeding is continued to a specific date, the surety or an agent or bondsman of the surety need not be given notice of the new appearance date. Failure to give notice, as required by this Article, relieves the surety from liability on a judgment of forfeiture for the defendant’s nonappearance on that particular date. (Emphasis ours.)
Before a bond forfeiture can be ordered, proper service of notice of the appearance date must be made upon either the surety or the surety’s agent or bondsman. State v. Likens, 577 So.2d 285 (La.App. 3 Cir.1991). Additionally, in the State v. Williams case discussed above, the second circuit held that La.R.S. 15:85(A)(l)(b), which was | fienacted in 1990, required that this notice of the appearance date be sent by certified mail, return receipt requested. The Louisiana Supreme Court’s reversal of this circuit’s prior opinion in the consolidated cases of State v. Deshotel and State v. Anderson, in which it cited State v. Williams with approval, settled the law on this issue in favor of the second circuit’s interpretation of La.R.S. 15:85(A)(l)(b).
The appellate record contains absolutely no proof that notice of Burnes’ November 4, 1991 appearance date was sent to National American. It does contain evidence that notice was directed by certified mail, return receipt requested to Indiana Lumbermen’s local bondsman, Patrick Fuselier. The return receipt shows that Fuselier accepted delivery of the notice on behalf of Indiana Lumbermen’s on October 24, 1991. In fact, *250 the first judgment of appearance bond forfeiture (which was later vacated) was rendered against Indiana Lumbermen’s, the wrong surety.
It is clearly evident that the state failed to give notice of the appearance date to National American as required by La.Code Crim.P. art. 337 and La.R.S. 15:85(A)(l)(b). Pursuant to the last sentence of Article 337, National American should have been relieved of its liability on the judgment of appearance bond forfeiture.
DECREE
For these reasons, we reverse the judgment of the trial court and hereby declare that the judgment of appearance bond forfeiture is null ab initio. Appellant, National American Insurance Company, is hereby relieved from liability under this null judgment.
Costs are assessed to the State of Louisiana in the following amount: $355.40.
REVERSED and RENDERED.

. This court, in the consolidated cases of State v. Deshotel, 94-1572 and 94-1573 (La.App. 3 Cir. 5/3/95); 657 So.2d 201 and State v. Anderson, 94-1574 (La.App. 3 Cir. 5/3/95); 657 So.2d 201, which were also decided by this trial court on August 3, 1994 during the same hearing, reversed the trial court's decision. We held that La.R.S. 15:85(A)(l)(b) requires that notice of the bond forfeiture judgment must be sent to the surety by certified mail, return receipt requested. In that opinion, we recognized that the second circuit, in State v. Williams, 26024 (La.App. 2 Cir. 8/17/94), 641 So.2d 1050; writ denied, 94-2353 (La. 11/18/94), 646 So.2d 389, decided that La.R.S. 15:85(A)(l)(b) does not require that notice of the bond forfeiture judgment be sent to the surety by certified mail, return receipt requested. The second circuit specifically held that La.R.S. 15:85(A)(l)(b) requires that notice of the appearance date (not notice of the bond forfeiture judgment) be sent to the surety by certified mail, return receipt requested.
The state then applied to the Louisiana Supreme Court for review of our decision in State v. Deshotel and State v. Anderson. On June 30, 1995, the supreme court summarily granted the state’s writ application, reversed our judgment and reinstated that of the trial court. State v. *249 Deshotel, 95-C-1193 (La. 6/30/95), 657 So.2d 1321. In doing so, it cited State v. Williams with approval. Therefore, it is now settled that, under the law applicable prior to June 22, 1993, La. R.S. 15:85(A)(l)(b) required notice of the appearance date to be sent to the surety by certified mail, return receipt requested.