412 So.2d 1059 (1982)
STATE of Louisiana
v.
John L. BULLOCK.
No. 81-K-2593.
Supreme Court of Louisiana.
April 5, 1982.
*1060 William J. Guste, Jr., Atty. Gen., Barbara Rutledge, Asst. Atty. Gen., Harry F. Connick, Dist. Atty., Louise Korns, Paul H. Schneider, Asst. Dist. Attys., for plaintiff-relator.
Brian Perry, New Orleans, for defendant-respondent.
LEMMON, Justice.
The issue in this case is whether the notice of judgment of bond forfeiture to the surety was adequate to comply with the requirements of R.S. 15:85 A(1)[1].
Defendant was released after arrest on a $1,500 surety bond issued by Allied Insurance Company, but failed to appear for arraignment. On November 7, 1980, the trial court rendered a judgment forfeiting the bond.
The clerk of court mailed notices to the surety and to its agent, consisting of certified copies of the judgment and of the bond. The power of attorney number appearing on the certified copy of the bond was 526794, whereas the complete power of attorney number was B5-526794.
On September 16, 1981, the surety moved to rescind the judgment of bond forfeiture on the basis that the notice failed to include the full power of attorney number, as required by the statute. After a hearing, the trial court granted the surety's motion. We then granted the state's application for certiorari in order to review the judgment. 409 So.2d 627.
The surety's agent testified that the prefix B5 on the power of attorney number was a code signifying the state in which the bond was issued and the maximum amount of the bond which was authorized by that power of attorney. Thus, B5 indicated a bond issued in Louisiana for $5,000 or less.[2]
The purpose of R.S. 15:85 A(1)'s requirement that the notice of forfeiture include the power of attorney number is to insure that the surety can quickly identify its obligation and the power of attorney on which that obligation is based. Requiring prompt and adequate notice to the surety enhances the surety's chances of locating the defendant and surrendering him to the court for trial, a desirable objective from the point of view of both the surety and the state. See State v. DeLaRose, 391 So.2d 842 (La.1980).
The notice in the present case provided prompt and adequate notice to the surety of the forfeiture so as to afford a reasonable opportunity to locate and surrender the defendant. Although the statute only requires that the notice include the *1061 power of attorney number, this notice provided defendant's name and address, the charge, the amount and date of the bond, the name of the surety's agent, the name of the court in which the bond was posted, and the power of attorney number, which was complete and accurate except for the prefix.
The prefix apparently was not significant in the identification of the bond and power of attorney, because the surety's agent had written the power of attorney number on the original bond without the prefix. Moreover, the prefix was easily determinable. Since the notice informed the surety that the bond was issued in Louisiana, the surety knew the prefix letter was B. And since the notice informed the surety that the amount of the bond was $1,500, the surety knew the prefix letter was 5, inasmuch as the agents always used the smallest power necessary to cover the bond and $5,000 was the smallest power available. Thus, the missing letter and number could have been determined instantly from the face of the bond, which was included in the notice.
We conclude that the notice in this case adequately complied with the requirements of R.S. 15:85 A(1). In any event defendant was in no way prejudiced by the only inadequacy that he has pointed out.
The judgment of the trial court on the motion to rescind is reversed, and the judgment forfeiting the bond is reinstated.
NOTES
[1] R.S. 15:85 A(1) provides in pertinent part:

"All bonds taken to secure the appearance of any person before any district court executed by a surety company authorized to do business in the State of Louisiana or an agent of such a company, except at a preliminary examination, shall be forfeited and collected as follows:
"(1) If at the time fixed for appearance such person fails to appear and answer when called, the judge, on motion of the district attorney, upon hearing of proper evidence including service or attempted service upon the defendant and service upon the surety, shall forthwith enter a judgment decreeing the forfeiture of the bond and against such person and his sureties in solido for the full amount thereof. After entering the fact of such failure to appear in the court minutes, the clerk of court shall promptly mail notice of the forfeiture, which shall include the power of attorney number used to execute the bond, to the surety on the bond. ..." (Emphasis supplied.)
[2] Executed bonds were introduced to show B5, B10 and B25 prefixes on bonds with maximum amounts of $5,000, $10,000 and $25,000, respectively. The surety's agent also explained that the sequence numbers (the last six digits) were much higher on the $5,000 powers because bonds in that range were issued much more frequently.