577 So.2d 784 (1991)
STATE of Louisiana, Appellee,
v.
Kenneth R. BROWN and Indiana Lumberman's Mutual Insurance Company, Appellant.
Nos. 22207-CA, 22208-CA.
Court of Appeal of Louisiana, Second Circuit.
April 3, 1991.
Michael E. Lancaster, Asst. Dist. Atty., Tallulah, for appellee.
Graymond F. Martin, New Orleans, for appellant, Indiana Lumberman's Mut. Ins. Co.
Before NORRIS, HIGHTOWER and VICTORY, JJ.
NORRIS, Judge.
The surety, Indiana Lumberman's Mutual Insurance ("Indiana"), appeals the trial court's refusal to set aside a judgment of bond forfeiture. We conclude the trial court erred in not finding that the state failed to comply with statutory provisions necessary to hold Indiana to its bond obligation. We therefore reverse, set aside the judgment of bond forfeiture and render judgment absolving Indiana of its bond obligation.

*785 Facts

The entire record, offered and filed in evidence by Indiana at the hearing, shows the following. The defendant, Brown, was arrested in Madison Parish on October 29, 1987 for possession of a Schedule II CDS with intent to distribute and for carrying a concealed weapon. Bond was set at $20,000. A bond was filed on November 3, 1987, listing both Robert E. Andrews of Andrews Bail Bonds and Indiana as surety. The face of the bond gives Andrews's address (in Monroe, Louisiana) but does not give Indiana's address. There are also four powers of attorney from Indiana to Andrews, each good for $5,000. The powers of attorney give Indiana's address. Indiana asserted both at trial and on appeal that the powers were attached to the bond. R. p. 53; Br. 10. The powers were obviously filed at the same time as the bond and the indices treat them as a single filing. R. pp. 2, 3. The state has never disputed that the powers were attached to the bond; given the state of the record we conclude that they were indeed attached.
Arraignment was set for September 19, 1988; bills of information were ultimately filed the same day. Notice of appearance was mailed on September 9 to Andrews but no notice was sent to Indiana. At the time set for the hearing the deputy called for Brown and Andrews but neither appeared. The D.A. requested a bench warrant for Brown and a judgment of bond forfeiture. The trial court granted both. The written judgment is against Brown as principal and Andrews as surety, in solido. It does not cast Indiana in judgment and does not state the amount of the bond. Notices of judgment were mailed to Andrews and Brown but the certified mail receipts do not show the date of mailing. There is no affidavit of mailing, which would show the power of attorney numbers used to execute the bond.
According to the minutes, another hearing was conducted on August 18, 1989. The record shows no notice of appearance was mailed to anyone and there is no transcript of this hearing. However, the minutes recite that Brown was not present; that the D.A. moved to "set aside" the bond forfeiture judgment of September 19, 1988 and to "re-issue" one. The trial court granted the motion, "the State having proved that the defendant was duly cited to appear[.]" The new judgment, filed August 25, 1989, casts both Andrews and Indiana as surety in solido; it states the amount of the bond. Notice of judgment was mailed to Andrews and Indiana on August 28, 1989. An affidavit of mailing, which recites the power of attorney numbers, is also present in the record.
On October 26, 1989 Indiana moved to set aside the bond forfeiture judgment. In support it alleged various notice deficiencies. Hearing on this motion was December 18, 1989. At the hearing Indiana obtained from the clerk of court and filed into evidence the entire record of the proceedings. At the close of arguments, the trial court denied the motion without oral or written reasons.

Discussion
In order to obtain a judgment of bond forfeiture, the state must strictly comply with statutory provisions. State v. Hathaway, 403 So.2d 737 (La.1981); State v. De La Rose, 391 So.2d 842 (La.1980). The purpose of enforcing strict compliance with notice provisions is to assure that the surety can quickly identify its bond obligation and the power of attorney on which that obligation is based; prompt and adequate notice enhances the surety's chance of locating the defendant and surrendering him to court for trial. State v. Bullock, 412 So.2d 1059 (La.1982).
The applicable notice statute is La.R.S. 15:85A(1). At times pertinent to this litigation it provided:
§ 85. Forfeiture before district court; procedure
A. All bonds taken to secure the appearance of any person before any district court executed by a surety company authorized to do business in the state of Louisiana or an agent of such a company, except at a preliminary examination shall be forfeited and collected as follows:

*786 (1) If at the time fixed for appearance such person fails to appear and answer when called, the judge, on motion of the district attorney, upon hearing of proper evidence, including notice to the defendant and the surety or an agent or bondsman of the surety, if such is required by Code of Criminal Procedure Art. 337, shall forthwith enter a judgment decreeing the forfeiture of the bond and against such person and his sureties in solido for the full amount thereof. After entering the fact of such failure to appear in the court minutes, the clerk of court shall promptly mail notice of the forfeiture, which shall include the power of attorney number used to execute the bond, to the surety on the bond whose address is on the face thereof and shall execute an affidavit of the mailing and place it in the record. A copy of the notice also shall be mailed to the agent or bondsman of the surety who posted the bond. Failure to mail the proper notice within six months after the entry of the forfeiture shall release the surety from all obligations under the bond. * * * (emphasis added)
At the outset we distinguish the two types of notice that this statute contemplates. First is the notice of appearance. Under La.C.Cr.P. art. 337, if the bail bond does not fix the defendant's appearance date, notice must be delivered to the surety or an agent or bondsman of the surety either by personal service at least two days prior to the day set for appearance or by mail at least three days prior. Only one mailing is required to satisfy the notice of appearance.
The second is notice of judgment of forfeiture. A plain reading of the statute shows that this notice, reciting the power of attorney number, must be mailed to the surety "whose address is on the face" of the bond; and a copy of it must also be mailed to the agent or bondsman of the surety. The Supreme Court has held that a surety's address printed on the power of attorney, if the power is attached to the bond, is "on the face thereof" for purposes of this statute. State v. Coran, 386 So.2d 914 (La.1980). To satisfy this notice requirement, two notices, separately mailed to surety and bondsman, must be mailed.
At the hearing the D.A. urged that a 1987 amendment to R.S. 15:85 relaxed the strict notice requirements. His position was that when the state mailed a notice of judgment to Andrews alone, this satisfied all requirements.
We agree that an earlier version of R.S. 15:85 required notice of appearance to be sent both to surety and bondsman. See R.S. 15:85A(1), prior to amendment by La. Acts 1987, No. 728, § 2. The amendment loosened this standard; and to avoid confusion, it deleted a sentence that read, "Mailing of notice to the agent alone shall not constitute compliance with this Section."[1] The amendment, however, did not affect the requirement of two notices of judgment of forfeiture. Indeed, the statute still specifies a prompt notice of judgment "to the surety on the bond" and a "copy of the notice" to the agent. The D.A.'s argument was not correct; one mailing of notice of judgment does not discharge the state's statutory duty.
The summary of record facts should make it apparent that the mandates of R.S. 15:85A(1) were not satisfied. Admittedly the pre-appearance notice mailed to Andrews on September 9, 1988 met the codal requirement of timely notice to "the surety or an agent." However, Indiana was not named in the judgment as a surety. Indiana cannot be held to a bond obligation if it is not properly cast in judgment. The judgment is also defective for not reciting the amount of the bond.
The notice of judgment is defective because it does not state the power of attorney number used to execute the bond. This is crucial to allow the surety to quickly identify its bond obligation and the power of attorney on which the obligation is based. The record also shows that no notice of judgment was even attempted to be sent to Indiana, even though Indiana's address *787 was attached to the bond and therefore "on the face thereof." State v. Coran, supra.
Finally, we find no affidavit of mailing. This court has previously held that defects in the affidavit of mailing, standing alone, are not necessarily fatal to the judgment of forfeiture. Minor defects are harmless if the record as a whole shows that the surety received notice and was not prejudiced by the deficiencies. State v. Owens, 561 So.2d 842 (La.App. 2d Cir.), writ denied 566 So.2d 400 (1990); see also Allied Fidelity Ins. Co. v. Boudreaux, 476 So.2d 469 (La.App. 1st Cir.1985). On the instant record there is no indication that Indiana ever received notice that its bond was forfeited on September 19, 1988 until almost a year later; we cannot construe this defect as harmless.
These are significant deviations from the letter of the law and merit reversal. We cannot consider them mere technicalities; the entire scenario subverted the statutory scheme of giving Indiana a fair chance to run down its principal and avoid a forfeiture. Because of the defects, the judgment of forfeiture must fail.
At the hearing in December 1989, the D.A. argued that the judgment should stand because notice of judgment was sent to Indiana within six months of the August 1989 judgment. The state sought this judgment, the D.A. suggested, because of the original judgment's obvious defect in omitting the amount of the bond. Coincidentally the state also remedied the other defects by adding the surety's name to the judgment, mailing proper notices of judgment to surety and bondsman and filing an affidavit of mailing. However, there was no notice of appearance sent to anyone in advance of this hearing.
We find no authority in the statute for permitting the state to "vacate" a defective judgment, enter a new one and thereby initiate a new six month period for notice of judgment of forfeiture. Moreover, even if the judgment, notice of judgment and affidavit of mailing were proper on the face of the record, there was never any notice of appearance; the August 1989 judgment of forfeiture would have to fail for this reason.
In sum, the state had six months from the date of the original judgment (September 19, 1988) to correct the deficiencies by lawful means and send proper notice of judgment to Indiana. None of this was done. The judgment of forfeiture cannot stand.
In brief the state urges only that Indiana had the burden of proving that the judgment should be set aside and that the record is "void of any evidence" to that effect. To the contrary, Indiana filed the entire record in these proceedings into evidence, thus providing all the evidence necessary to prove the remedy it seeks. The state's argument lacks merit and we pretermit discussion of Indiana's other assignments.
The judgment of forfeiture is accordingly reversed and set aside. Judgment is hereby rendered absolving Indiana from liability under the instant bond(s). Costs are not assessed. La.R.S. 13:4521.
REVERSED AND RENDERED.
NOTES
[1] This particular sentence has been recently restored to R.S. 15:85. See La.Acts 1990, No. 538.