600 So.2d 152 (1992)
STATE of Louisiana, Plaintiff-Appellee,
v.
Uribe Antonio CANTO, Mendoza Isidro Vasquez, Defendants.
American Bankers Insurance Co., Appellant.
No. 90-1310.
Court of Appeal of Louisiana, Third Circuit.
May 20, 1992.
*153 D. Keith Wall, Jennings, for plaintiff/appellee.
Bennett R. LaPoint, Lake Arthur, for defendant/appelleeCanto.
Smith, Martin & Ware, Graymond F. Martin, New Orleans, for defendant/appellantAmerican Bankers Ins.
Before YELVERTON and KNOLL, JJ., and MARCANTEL,[*] J. Pro Tem.
YELVERTON, Judge.
This is an appeal from a bond forfeiture proceeding wherein American Bankers Insurance Company (American Bankers), the acting surety of two criminal defendants, was ordered to forfeit surety bonds of $35,-000 for each defendant when both failed to appear for their respective arraignments. American Bankers alleges that neither it nor its principals received proper notice of the arraignment and/or bond forfeiture proceedings pursuant to LSA-R.S. 15:85. *154 After examining the record, we find that American Bankers suffered no harm or injustice and affirm the trial court's ruling.

FACTS
Uribe Antonio Canto (sometimes referred to in the record as "Antonio Canto Uribe") and Mendoza Isidro Vasquez (sometimes referred to as "Isidro Vasquez Mendoza") were both charged by bill of information with Possession of Marijuana With Intent to Distribute. American Bankers posted appearance bonds for both of the accuseds in the respective amounts of $35,000 per bond. Both defendants failed to appear for their arraignments. Upon the prosecutor's separate motions, and after a hearing, the trial court ordered bond forfeitures for each defendant.
American Bankers filed a motion to set aside the judgments of the bond forfeitures alleging several technical deficiencies. In a consolidated hearing, the trial court rejected all of its arguments. On appeal the surety challenges the propriety of the bond forfeiture proceedings in four assignments of error, all pertaining to the bond forfeiture notice requirements found in R.S. 15:85. We now consider these assignments individually.

ASSIGNMENT OF ERROR NO. I:

Notice of arraignment dispatched before the issuance of the bill of information; notice dispatched without proper court approval.
The bill of information charging Vasquez with Possession of Marijuana With Intent to Distribute was filed on November 6, 1989. Vasquez was noticed for arraignment on these charges on October 2, 1989nearly one month in advance of the issuance of the bill of information. Since the bill of information is a means of commencing a criminal prosecution, and since the notice was served before the information was issued, American Bankers argues that there were in fact no charges pending against Vasquez at the time that he was noticed. Thus American Bankers believes that Vasquez's notice was invalid.
Before a trial court may order a bond forfeiture, it must have before it "proper evidence" establishing that the state gave, or at least attempted to give, "proper notice" to the defendant and the defendant's surety if such is required by LSA-C.Cr.P. art. 337. R.S. 15:85 A(1)(a). In order to obtain a judgment of bond forfeiture, the state must "strictly comply" with statutory provisions. State v. Hathaway, 403 So.2d 737 (La.1981). American Bankers argues that if Vasquez's notice was prematurely dispatched then it was improper. Accordingly, American Bankers contends that the trial court necessarily erred by ordering Vasquez's bond forfeiture without first considering evidence of "proper notice". If such is the case, then it is American Bankers' position that it should not have to pay Vasquez's bond forfeiture pursuant to R.S. 15:85 A(1)(a).
In arguing its first assignment, American Bankers has entirely ignored the policy on which the notice requirements of R.S. 15:85 are based. The Louisiana Supreme Court explained the policy behind this statute as follows:
The purpose of enforcing strict compliance with notice provisions is to assure that the surety can quickly identify its bond obligation and the power of attorney on which that obligation is based; prompt and adequate notice enhances the surety's chance of locating the defendant and surrendering him to court for trial.
State v. Bullock, 412 So.2d 1059 (La.1982). We fail to see how the notice procedure used in this case circumvented R.S. 15:85 or prejudiced American Bankers' rights in any way. Regardless of whether or not it was proper for the state to notice Vasquez in advance of the issuance of the bill of information, the timeliness of the notice did not hinder or impede American Bankers' chances of locating Vasquez and surrendering him to the court. If anything, the alleged premature notice gave American Bankers more time to produce its principal.
American Bankers also complains that the Jefferson Davis Sheriff's Department served the notices of arraignment to both defendants without the district court's *155 authority. C.Cr.P. art. 337 calls for notice to be delivered "by an agent of the court...." In the present case the notices of arraignment were issued by the Jefferson Davis Parish Sheriff's Department. These notices contained no language identifying the court or the clerk of court as the ultimate issuing authority. American Bankers argues that both notices lacked proper court authority and are thus invalid pursuant to C.Cr.P. art. 337. We find no merit to this argument. Even if the defendants were issued service by an entity other than the court or the court's agent, this, at its very worst, is harmless error. Once again, American Bankers fails to demonstrate any prejudice or unfairness resulting from this practice.

ASSIGNMENT OF ERROR NO. II:

Lack of proper mail service on Canto.
Defendant Canto was noticed to appear for his arraignment by mail. LSA-C.Cr.P. art. 735 sets out many technical procedures that the state must adhere to when noticing defendants by mail. American Bankers complains that the state did not properly comply with all of the article's requirements.
A review of the record shows that we need not concern ourselves with Art. 735's notice formalities. In order for a bond forfeiture to be upheld, the trial court must have acted on "proper evidence, including notice or attempted notice to the defendant... if such is required by the Code of Criminal Procedure Art. 337...." R.S. 15:85 A(1)(a). (emphasis added). Article 337 says that "when a bail bond fixes the appearance date, no additional notice is required to be given to the defendant...." Canto's appearance bond contains an appearance date. Therefore, no additional notice was required. American Bankers Ins. Co. v. State, 581 So.2d 313 (La.App. 1st Cir.1991).

ASSIGNMENT OF ERROR NO. III:

Improper notice of Vasquez's bond forfeiture to American Bankers.
Once the trial court has ordered a bond forfeiture, the state has six months to notify the surety on the bond "whose address is on the face thereof...." of said forfeiture. LSA R.S. 15:85 A(1)(a). Failure to mail proper notice will relieve the surety of all obligations under the bond. Id.
The notice of Vasquez's bond forfeiture was mailed to 4350 Executive Drive, No. 235, San Diego, California. This notice was subsequently returned to the Clerk of Court undelivered. American Bankers complains that it did not receive direct, actual notice of the bond forfeiture and claims that it should be relieved of its obligation to pay.
The only address given on the bond was that of a Mr. Paul R. Rosteet, P.O. Box 3207, Lake Charles, Louisiana. Rosteet is identified by the agreement as American Bankers' "acting agent." An affidavit, attesting to the fact that Rosteet was given the power of attorney for American Bankers, appeared on the bond. This affidavit was executed by R. Spencer Douglas in San Diego County, California. The affidavit describes Douglas as American Bankers' "attorney-in-fact." While the surety's bond does say that American Bankers is located in Miami, Florida, it fails to give a proper address. Apparently, American Bankers' actions led the Jefferson Davis Parish Sheriff's Department to believe that American Bankers' proper address was in San Diego, California.
The first Circuit considered a similar case (involving the same surety as we have before us) in American Bankers Ins. Co. v. State, supra. In that case American Bankers provided a Jacksonville, Florida, address on the surety bond. It was not the surety's correct address. Consequently, the notice of the judgment of forfeiture was returned undelivered, and American Bankers complained that it did not receive notice.
The First Circuit pointed out that R.S. 15:85 required notice of forfeiture to "the surety on the bond whose address is on the face thereof." Id. It refused to read this statute as requiring the state to do anything *156 other than send notice to the address on the bond. In State v. Anthony, 525 So.2d 247 (La.App. 1st Cir.1988), the court held that a defendant's incorrect address on a surety bond, which prevented the surety from receiving actual preforfeiture notice, did not invalidate the forfeiture. In American Bankers Ins. Co. v. State, supra, the court went on to hold that due process did not demand that a party actually receive notice, so long as the statute provided a method reasonably calculated to provide actual service. Id. In the case before us R.S. 15:85, makes such provision. Therefore, we fault American Bankers' for failing to provide its correct address in its surety agreement.

ASSIGNMENT OF ERROR NO. IV:

Improper judgment.
The trial court's final judgments were also rendered in part against "Spencer Douglas, Managing General Agent for: American Bankers Insurance Company of Florida." American Bankers complains that the syntax of these final judgments is such that the judgments have effect only against Spencer Douglas individually and not American Bankers.
Spencer Douglas is attested as being the attorney-in-fact for American Bankers in an affidavit that appears on its power of attorney general form. The record before us contains no evidence suggesting that Douglas held himself out as being unbound by American Bankers' authority. Therefore, under rudimentary principles of agency law, Douglas did not act in any manner that would relieve American Bankers of its surety obligations. The appellant's argument has no merit.
The judgment of the trial court is affirmed. All costs are assessed against the appellant.
AFFIRMED.
NOTES
[*] Honorable Bernard N. Marcantel participated in this decision by appointment of the Louisiana Supreme Court as Judge Pro Tempore.