633 So.2d 715 (1993)
In re BOND FORFEITURES AGAINST INDIANA LUMBERMENS MUTUAL INSURANCE COMPANY IN BATON ROUGE CITY COURT.
No. 92 CA 1803.
Court of Appeal of Louisiana, First Circuit.
December 29, 1993.
Writ Denied March 18, 1994.
Carl Jackson, City Prosecutor, Baton Rouge, for plaintiff-appellee.
Graymond F. Martin, Smith, Martin & Schneider, New Orleans, for defendant-appellant.
Before WATKINS, SHORTESS and FOGG, JJ.
WATKINS, Judge.
The City of Baton Rouge (City) procured judgments against Indiana Lumbermens Mutual Insurance Company (Indiana Lumbermens) ordering the forfeiture of more than 100 appearance bonds in criminal proceedings in which the defendants failed to make scheduled appearances.[1] Indiana Lumbermens filed motions to set aside the judgments of bond forfeiture/petitions for nullity of judgment, which were consolidated. The trial court denied the surety's motions/petitions *716 and ruled that in 102 of the cases, the bond forfeitures were proper.
Indiana Lumbermens appeals on the ground that the City did not provide it with the proper statutory notice of the judgments of forfeiture. Finding no merit to Indiana Lumbermens' assignments of error, we affirm.
It is undisputed that Indiana Lumbermens provided appearance bonds for the defendants involved in all of these cases. Some of the bonds give the name and address of the surety on the face of the bond as "Indiana Lumberman Ins. Co., 3600 Woodview Trace, Indianapolis, IN." Other bonds name "Indiana Lumbermens" as the surety but do not have any address for it on the face of the bond. However, each of the bonds has an attached power of attorney which lists Indiana Lumbermens' address as "3600 Woodview Trace, P.O. Box 68932, Indianapolis, IN 46266."
It is undisputed that the clerk of city court sent the notices of bond forfeiture to Indiana Lumbermens at 3901 W. 86th, Indianapolis, IN 46268. The notices were sent by certified mail, and they were signed for by persons apparently representing Indiana Lumbermens. The deputy clerk of court in charge of collecting bond forfeitures testified that over 50 forfeitures noticed and accepted in this manner were paid by the surety.
Indiana Lumbermens first assigns as error the trial court's conclusion that the statute governing bond forfeitures does not require the notice of the bond forfeiture to be sent to the surety at the address provided on the face of the bond or the face of the power of attorney. In support of its contention, Indiana Lumbermens cites American Bankers Insurance Company v. State, 581 So.2d 313 (La.App. 1st Cir.1991). In that case this court was called upon to interpret the following pertinent language of LSA-R.S. 15:84A(1):
After entering the fact of such failure to appear in the court minutes, the clerk of court shall promptly mail notice of the forfeiture to the surety on the bond whose address is on the face thereof and shall execute an affidavit of the mailing and place it in the record. A copy of the notice also shall be mailed to the agent of the surety who posted the bond. Mailing the notice to the agent alone shall not constitute compliance with this Section. Failure to mail the proper notice within sixty days after the entry of the forfeiture shall release the surety from all obligations under the bond.
In the instant case the trial court correctly distinguished American Bankers on the facts, but incorrectly, in our opinion, made its own interpretation of the statute. The trial judge stated, "Based on both the plain wording of the statute and jurisprudential interpretation, this Court finds, as a matter of law, that the clerk must simply mail notice TO THAT PARTICULAR SURETY whose address appears on the face of the bond. The statute does not require that the notice be sent to any particular address."
Instead, we interpret the language of the statute as requiring that notice to the surety be provided at the address that appears on the face of the bond. However, if actual notice to the surety is achieved, the notice requirements are met. The purpose of enforcing strict compliance with the notice provisions in the bond forfeiture statutes is to provide prompt and adequate notice so the surety can quickly identify its bond obligation, locate the defendant, and surrender him to court for trial. State v. Bullock, 412 So.2d 1059, 1060 (La.1982); State v. Canto, 600 So.2d 152, 154 (La.App. 3d Cir.1992). In American Bankers, 581 So.2d at 314, we held that "[s]trict compliance does not necessarily equate to strict construction...." The requirements of the notice provisions are not sacrosanct; a bond forfeiture will be upheld if the surety is provided prompt and adequate notice and no prejudice to the surety is shown. See State v. Bullock.
In State v. Hartley, 614 So.2d 211 (La.App. 3d Cir.1993), State v. Canto, and American Bankers, the courts held that mailing the notice of forfeiture to the address on the face of the bond was sufficient to meet a due process challenge, even where actual notice was not received, because that procedure was "reasonably calculated" to provide actual service. We are aware of no jurisprudence *717 which holds that notice to an address obtained by the clerk, which results in actual notice to the surety, is insufficient to meet the requirements of LSA-R.S. 15:84. To the contrary, in State v. Hartley, the court implies that if the clerk of court knew of an address for the surety which was more recent than that on the face of the bond but deliberately disregarded it, the surety's entitlement to due process might be violated.
Accordingly, we find no merit in appellant's contention that it failed to receive "proper notice" of the bond forfeitures, thus barring the forfeitures for failure to comply with statutory notice requirements.
The appellant's second assignment of error is that the trial court erred in allowing the City to introduce parol evidence in an attempt to prove "actual service of the bond forfeitures on the surety." (Emphasis ours.)
The appellant misstates the proof allowed in the instant case. The parol evidence admitted by the trial court was allowed as proof of actual notice, not proof of service. All of the cases cited by appellant deal with the prohibition of parol evidence to vary the service of citation evidenced by a sheriff's return. Suffice it to say that those cases are inapposite here. There was no error on the part of the trial court in admitting parol evidence in the instant case, along with the documentary evidence of the receipts of the notices.
Finally, appellant argues that the trial court erred in its conclusion that the surety received notice of the bond forfeitures when the evidence clearly demonstrates that an entity other than the surety received the notices. Although the appellant labels the trial court's decision on this issue as a "legal conclusion," it was a factual determination on the trial court's part.
It is undisputed that the notices mailed to the W. 86th Street address were received without protest by Indiana Lumbermens for an extended period of time. There is documentary evidence in the record that the certified mail receipts were signed for by various persons, and there is no proof of forgeries or unauthorized signatures. Identical mailings resulted in numerous payments of the forfeitures. Thus, there is adequate support in the record for two permissible views: that there was actual notice to Indiana Lumbermens or that there was actual notice to another entity. When conflicting evidence creates two possible views of the evidence and the fact finder's choice between the views is reasonable in light of the entire record, an appellate court may not reverse merely because it would have chosen the alternative view. Rosell v. ESCO, 549 So.2d 840, 844 (La.1989); Lirette v. State Farm Insurance Company, 563 So.2d 850, 855 (La. 1990).
Accordingly, we find that the City was entitled to forfeiture of the bonds, and we affirm the judgment of the trial court. Appellant is cast for all costs of this appeal.
AFFIRMED.
FOGG, J., dissents with reasons.

APPENDIX

In re Bond Forfeitures Against Indiana Lumbermens Mutual Insurance Company in Baton Rouge City Court

FILED: July 10, 1992
SUIT NUMBER:
CITY COURT OF BATON ROUGE
CITY OF BATON ROUGE
STATE OF LOUISIANA
___________________
DEPUTY CLERK

JUDGMENT
This matter came up for hearing on December 10, 1991, pursuant to Indiana Lumbermens Mutual Insurance Company's Motions to Set Aside Judgments of Bond Forfeiture/Petitions for Nullity of Judgment and Indiana Lumbermens Mutual Insurance Company's Supplemental Amended Motions to Set Aside Judgments of Bond Forfeiture/Petitions for Nullity of Judgment in the following cases:

*718
 DATE OF JUDGMENT
 FORFEITING APPEARANCE
DEFENDANT BOND SUIT NUMBER
------------------------------------------------------------------------------
Larry Titus 9-29-89 30526 A
Hebert Case 9-27-89 43204
Henry Graham 9-27-89 51485 A
Consuelo Martinez 9-27-89 55363
Larry Case 10-4-89 BR5761976
Anthony Widon 10-6-89 67102
Lawrence Batiste 10-11-89 BR05699610
Anthony Windom 10-12-89 67102 C
Dennis Strong 11-7-89 75272
Stanley Williams 11-27-89 69364
Dennis Strong 11-28-89 75272 A
Robert Thoma 12-20-89 82478
Ginger Cole 12-26-89 76661 A
Patricia Hunter 1-30-90 91278 A
Henry Mosley 2-13-90 BR6170010
John Leonida 2-16-90 BR6100706
James Hamilton 2-26-90 39366
Shelton Simpson 2-28-90 BR6240032
Junnie Tipton 2-28-90 BR5982362
Louis High 2-28-90 BR4508475
Chester Adams 2-28-90 BR6044754
Linda Jeffery 2-28-90 BR6001365
Ronald Tidwell 3-2-90 BR6199734
Anthony Tolbert 3-7-90 32224 A
Vonda Taylor 3-16-90 65789
Vonda Taylor 3-29-90 65789 A
Terry Moody 4-6-90 BR5930551
Danny Windon 4-16-90 67102
Denny Windom 4-30-90 617102 B
Samuel Uselton 5-3-90 BR5877686
Price Garrett 5-3-90 BR6001041
Lynette Johnson 5-16-90 25379 A
Cathleen Smith 5-21-90 BR6364444
Ryan Rome 6-1-90 2192
Richard Alexander 6-15-90 BR6363280
Thomas Marion 6-15-90 BR06228364
Sherrail Murray 6-18-90 16378
Robert Mosley 6-18-90 53207
Alfred Harris 6-21-90 BR6006136
Ricky Pitts 6-27-90 BR6198194
Bary Cauley 7-1-90 F-30100
James Brown 7-2-90 BR6286335
Ronald Snowden 7-3-90 F-39213
Rush Teshar 7-11-90 72098
Davis Trask 7-11-90 75533
Ronald Snowden 7-13-90 39213 A
Patricia Wilson 7-17-90 37309 B
Kevin Mitchell 7-20-90 BR6498306
David Rogers 7-20-90 BR6029985
Barry Cauley 7-23-90 30100 A

*719
John Fultz 7-26-90 BR6141520
David Tureau 7-27-90 10459
Jom Tooley 7-27-90 BR5334405
Jimmy Franks 7-27-90 BR6166211
Albert Gaudin 8-1-90 BR5810792
Davis Wardlow 8-7-90 BR6371536
Shannon Shelf 8-8-90 58577
Dennis Hunt 8-9-90 BR6302365
David Roberts 8-9-90 BR6505004
Michael Rickett 8-13-90 17162
Emile Lathers 8-16-90 BR5234412
Ken Armstead 8-22-90 48183 B
Shannon Self 8-23-90 50577 A
William Buitler 8-23-90 14654
Allen Briggs 8-23-90 21420
Kevin McNair 8-31-90 F-81040
James Creel 9-6-90 F-42584
Darryl Bell 9-10-90 31275
Donna Cummings 9-10-90 90-CR-003688
Patricia Gordon 9-10-90 F-81927
Larry Scott 9-11-90 BR6234465
George W. Smith 9-11-90 F-18454
Charles Joseph 9-11-90 BR5962040
Steven Cooper 9-12-90 20035 A
James Parker 9-12-90 BR6160222
Michael McAllister 9-12-90 BR6112201
Andrew Owens 9-17-90 90-CR-034438
Vickie Hunt 9-17-90 F-492
Kevin McNair 9-24-90 81040 A
Thomas Hunter 9-25-90 BR06632942
Michael Harrison 9-28-90 F-11224
Charlene McGhee 10-4-90 F-28515
Kristen Sterling 10-9-90 17209
Ernest Toppings 10-12-90 3120
David LeBlanc 10-18-90 F-12876
Philip Bourgeoise 10-22-90 90-CR-45268
Charles Thomas 11-8-90 90-CR-013388
Ricky Earl Hicks 11-15-90 3209
Bryan Johnson 11-20-90 72891
Lester Bryant 11-26-90 29250
Katherine Hamilton 11-27-90 64537
Michael Daniels 11-27-90 90-CR-013426
Elnora Jacobs 12-3-90 90-CR-000856
Ginger Cole 12-4-90 76661
Theresa Ross 12-7-90 89-CR-015259
Craig Williams 12-12-90 90-CR-041013
Angela Hawkins 12-17-90 90-CR-047992
Theresa Ross 12-17-90 90-CR-07201
James Johnson 12-20-90 33351
Kelvin Collier 12-26-90 89-CR-074084
Ronnie Ennis 1-3-91 89-CR-084649
Alberto Denino 1-15-91 90-CR-077513

*720 The Court considering the law and evidence to be against Indiana Lumbermens Mutual Insurance Company.
IT IS ORDERED, ADJUDGED AND DECREED that there be judgment in favor of the City of Baton Rouge, declaring the bond forfeitures rendered in the above mentioned cases, are hereby maintained, and the surety's Motions to Set Aside Judgments of Bond Forfeiture/Petitions for Nullity of Judgment and the surety's Supplemental and Amended Motions to Set Aside Judgments of Bond Forfeiture/Petitions for Nullity of Judgment are denied.
BATON ROUGE, LOUISIANA, this 16th day of July, 1992.
 /s/Rosemary Pillow
 JUDGE
FOGG, Judge, dissenting.
La.R.S. 15:84 requires, in pertinent part, that the clerk of court "mail notice of the forfeiture to the surety on the bond whose address is on the face thereof.... A copy of the notice also shall be mailed to the agent of the surety who posted the bond. Mailing the notice to the agent alone shall not constitute compliance with this Section." The courts have consistently held that a valid forfeiture requires strict compliance with the terms of the statute regulating bond forfeitures. State v. Hathaway, 403 So.2d 737 (La.1981). Furthermore, the courts have interpreted the above language as requiring that both the surety and the agent be mailed notice of the forfeiture of the bond at the address which appears on the bond. See State v. Coran, 386 So.2d 914 (La.1980); State v. Hartley, 614 So.2d 211 (La.App. 3rd Cir.1993); State v. Canto, 600 So.2d 152 (La.App. 3rd Cir. 1992); American Bankers Ins. Co. v. State, 581 So.2d 313 (La.App. 1st Cir.1991).
In the instant case, it is undisputed that after each bond was forfeited, the Clerk of Court for the City Court of Baton Rouge sent notice of the forfeiture to 3901 W. 86th, Indianapolis, Indiana. It is further undisputed that the address on West 86th Street was not shown as the address of the surety on the face of any of the bonds. In my opinion, the specified method of giving notice prescribed by this statute is exclusive. Therefore, the notice requirements were not complied with and the forfeitures are invalid.
I respectfully dissent.
NOTES
[1] We have attached as an appendix a copy of the judgment in the captioned suit which lists the suit numbers for the bond forfeitures that are the subject matter of this case.