655 So.2d 594 (1995)
STATE of Louisiana, Plaintiff-Appellee,
v.
Glen McCART, Defendant, and
Ranger Insurance Company, Surety, Defendant-Appellant-Surety.
No. 26954-CA.
Court of Appeal of Louisiana, Second Circuit.
May 10, 1995.
Smith, Martin, Schneider, Shields & Mott by Graymond B. Martin and Craig A. Boudreaux, New Orleans, for appellant.
William R. Coenen, Dist. Atty., Johnny R. Boothe, Asst. Dist. Atty., Winnsboro, for appellee.
Before NORRIS, HIGHTOWER and WILLIAMS, JJ.
*595 NORRIS, Judge.
Ranger Insurance Company, surety on defendant Glen McCart's bail bond, appeals a judgment forfeiting its $30,000 bond. For the reasons expressed, we affirm.

Factual and procedural background
McCart was indicted by a Franklin Parish grand jury on 34 counts of felony theft and unfair trade practices.[1] Bond was originally set at $100,000, but on February 4, 1991 the district court reduced it to $30,000 on the ground that McCart's "available cash" should be preserved for the victims of the crime, not for cumulative bonds.
With this reduction, on February 4 McCart posted bond. The printed text of the bond has a blank for "surety" in which "Ranger Ins. Co. & Ron Adcock Bail Bonds" is handwritten; however, on the signature lines, the surety is listed as "Ron Adcock Bail Bond," the mailing address is Ron Adcock's Rayville post office box, and the agent is listed as "Ronald E. Adcock." Attached to the bond is Ranger's power of attorney in favor of Ronald E. Adcock. This does not provide Ranger's address but it does list the "power number." The district attorney sent Ron Adcock Bail Bonds timely notice, by certified mail, of McCart's arraignment scheduled for September 25, 1991.[2]
McCart did not appear. A note to this effect was placed in the court minutes, judgment of bond forfeiture was rendered against McCart and Ron Adcock Bail Bonds, his sureties in solido, and formal notice of forfeiture was mailed to Ron Adcock, at the address written on the bond, on October 2. This notice recites the power of attorney number but is neither addressed nor sent to Ranger.
Seven months later, McCart was called for another arraignment; proper notice was again sent to McCart and Ron Adcock under former art. 337. Again, McCart failed to appear. This time, notation was made in the court minutes of May 5, judgment was rendered against McCart and Ranger, his sureties in solido, and notice of forfeiture was sent to Ranger's address in California on May 6, 1992. The same power of attorney number is cited at the top of the notice.
Ranger filed a motion on May 11 to set aside the first judgment of bond forfeiture, alleging it was null because it was not rendered against, and without notice to, Ranger. A second motion, filed June 25, 1992, alleged that the second judgment of bond forfeiture was null because notice of the first forfeiture was sent to the agent only. In support Ranger cited the statutory provision that if notice is not properly sent to the surety within six months of the judgment of forfeiture, the surety's obligations are discharged. La.R.S. 15:85 A.
The district court denied Ranger's motions, finding that the surety was not prejudiced by the State's actions in that Ranger was the party responsible for not providing its address on the bond or the power of attorney, as required by statute. Ranger suspensively appealed the May 1994 judgment of bond forfeiture.

Discussion
Forfeiture of bail bonds is regulated by La.R.S. 15:85. At the time of McCart's failure to appear,[3] the pertinent portion of this statute provided:
(1)(a) If at the time fixed for appearance such person fails to appear and answer when called, the judge, on motion of the district attorney, upon hearing of proper evidence, including notice or attempted notice to the defendant and the surety, * * * shall forthwith enter a judgment decreeing the forfeiture of the bond and against such person and his sureties in *596 solido for the full amount thereof. After entering the fact of such failure to appear in the court minutes, the clerk of court shall promptly mail notice of the forfeiture, which shall include the power of attorney number used to execute the bond, to the surety on the bond whose address is on the face thereof and shall execute an affidavit of the mailing, and place it in the record. A copy of the notice also shall be mailed to the agent of the surety who posted the bond. Mailing the notice to the agent alone shall not constitute compliance with this Section. Failure to mail the proper notice within six months after the entry of the forfeiture shall release the surety from all obligations under the bond. (emphasis added)
In order to effect forfeiture of the bond, the State must strictly comply with the statute. State v. Hathaway, 403 So.2d 737 (La.1981). The purpose of the strict compliance requirement is to assure that the surety can quickly identify its bond obligation and the power of attorney on which that obligation is based; prompt and adequate notice enhances the surety's chance of locating the defendant and surrendering him to court for trial. State v. Bullock, 412 So.2d 1059 (La. 1982); State v. Brown, 577 So.2d 784 (La. App.2d Cir.1991). Technical deficiencies, however, do not always mandate annulment of the forfeiture; they are sometimes excused when they result in no prejudice to the bonding company. State v. Canto, 600 So.2d 152 (La.App. 3d Cir.1992); American Bankers Ins. Co. v. State, 581 So.2d 313 (La.App. 1st Cir.1991).
On appeal Ranger urges the State's failure to comply with R.S. 15:85 (failure to cast it in the first judgment and send it notice of forfeiture within six months of October 2, 1991) relieves Ranger of all obligations under the bond. Specifically, Ranger argues that R.S. 15:85 does not require the surety to place its address on the face of the bond, and that Ranger should not be penalized simply because the State accepted a bond that lacked the surety's address. Ranger further argues that the State's procedure of calling McCart to appear at another arraignment on May 6, 1992 was a ruse to resuscitate the null judgment, enter a valid one, and start another six-month perioda procedure which this court dismissed as ineffective in State v. Brown, supra. In fact, Ranger argues, the instant case is identical to Brown.
At the outset we must reject this case's alleged identity with State v. Brown, supra. In Brown the first judgment did not cast the surety in judgment and the clerk did not mail notice thereof to the surety, although the surety's address was attached to the bond in compliance with the statute; here the surety's address was not provided on the bond, contrary to the statute (in fact, the agent incorrectly listed his own address as that of the surety). The first judgment in Brown also did not recite the amount of the bond or the power number; these details are all present in the instant case. In Brown the second judgment was not preceded by notice of appearance, as required by former C.Cr.P. art. 337; here the notice of appearance was proper. In short, the deficiencies in Brownno notice of appearance and no notice of judgment of forfeiture to the surety whose address was availablecould not be considered technical or inconsequential.
In the instant case, however, no such major deficiencies are present. It is not contested that the State supplied notice of appearance as required by art. 337. It is also not contested that notice of the first judgment of bond forfeiture was sent to every surety whose address was on the face of the bond or attached to it. The question regarding the first judgment is the effect of Ranger's failure to provide its address on the bond.
In American Bankers Ins. Co. v. State, supra, the surety's agent filed a bond which correctly stated the agent's address but incorrectly stated the surety's address. The clerk of court mailed notice of judgment of forfeiture to the surety; the post office returned it "no such number." The surety later sued to declare the judgment null because of inadequate notice; the district court dismissed the suit. The court of appeal affirmed, noting that "strict compliance does not necessarily equate with strict construction." The court found that the operative statutory provision was notice to the "surety *597 on the bond whose address is on the face thereof." If the surety, either on its own or through the agent's conduct, deviates from the statute by not giving its address, then the State is not required to honor the notice requirement strictly. The court also observed that the failure to provide the address is imputed to the surety, who acts through the agent. The principal is bound by the act of its agent. La.C.C. art. 3021.
In the instant case the district court apparently recognized that without Ranger's address, no notice of judgment could be sent to Ranger or enforced against it. Ordinarily, omitting Ranger from the judgment would be fatal to enforcement. However, the instant omission was necessitated by Ranger's failure, through its agent, to list itself as surety and provide the address as mandated by law. In light of Ranger's noncompliance with R.S. 15:85 A, and the discussion in American Bankers Ins. Co. v. State, supra, we find that the State's conduct did not begin the six-month prescriptive period against Ranger in September 1991.
By contrast, the second judgment properly cast Ranger in judgment, in compliance with the statute. Notice of appearance had previously been sent to McCart and the agent, in compliance with the statute. The judgment is based on McCart's failure to appear at the May 1992 arraignment. Notice of forfeiture actually reached Ranger, so it cannot be said that Ranger lost the chance of quickly identifying its bond obligation or locating the defendant. Thus Ranger suffered no prejudice. State v. Canto, supra. The district court was not plainly wrong in so holding.
In short, the State's conduct resulted not from its own negligence, as in State v. Brown, supra, but from Ranger's negligent (or perhaps intentional) disregard of the statute; the State's reaction was acceptable in light of Ranger's noncompliance, American Bankers Ins. Co. v. State, supra; and the totality of the circumstances does not show any prejudice to Ranger, State v. Canto. For these reasons, the judgment is affirmed at Ranger Insurance Company's costs.
AFFIRMED.
NOTES
[1] At the time, McCart was also under indictment in federal court for securities violations, and in 13 other Louisiana parishes. As president, chairman and majority stockholder of ALIC and related securities companies, he had allegedly sold unregistered securities and misrepresented them, primarily to elderly investors.
[2] This was necessary because the bond itself did not fix the arraignment date. The notice requirement formerly appeared in La.C.Cr.P. art. 337; since a 1993 amendment, it now appears in art. 344 B. La.Acts 1993, No. 834.
[3] The statute was later amended by La.Acts 1993, No. 834, effective June 22, 1993.