JiLANDRIEU, Judge.
We grant Bankers’s application for rehearing.
Our original conclusion that Bankers received notice of the October 24th hearing through the Secretary of State pursuant to La.Rev.Stat. 22:985 is incorrect.
Although valid notice to a surety of a defendant’s required appearance may be given by subpoena through the Secretary of State, there must be evidence in the record that the subpoena was actually served, mailed or otherwise transmitted to the surety. The record in this case contains no such proof.
Contrary to In re Bond Forfeitures Against Indiana Lumbermens Mut. Ins. Co. in Baton Rouge City Court, 633 So.2d 715 (La.App. 1 Cir.1993), writ denied, 94-0245 (La.3/18/94), 634 So.2d 859, certiorari denied, 513 U.S. 822, 115 S.Ct. 85, 130 L.Ed.2d 37 (1994), there is no factual support in this record for a finding that Bankers received actual notice of the October 24 hearing.
Accordingly, pursuant to La.Code Crim. Proc. art. 344(B)(4), Bankers was relieved of liability on judgments of bond forfeiture for the defendants’ nonappearanee on October 24. We vacate the judgment of the district court |2denying Bankers’s petition for nullity, and render judgment in favor of Bankers, declaring the judgments of forfeiture null and void.

REVERSED AND RENDERED.