CARAWAY, J.
| ¡.The defendant, his bonding agent and surety appeal the trial court judgment denying a motion to have a judgment of bond forfeiture declared a nullity. For the reasons that follow, we reverse.

Facts

On November 9, 2003, Marcus Dewayne Young was arrested on the charge of Illegal Possession of Stolen Things in violation of La. R.S. 14:69. Young posted a Criminal Appearance Bond of $10,184.00, through his bonding agent, 4 Aces Bail Bonds (“4 Aces”), and surety, Financial Casualty and Surety, Inc. (“Financial Casualty”). The executing agent was Anthony Bowers.
After making several court appearances in the case during the remainder of 2003 and 2004, Young failed to appear for a scheduled February 24, 2005 proceeding. On that date, the court unsuccessfully sounded the courtroom for Young, representatives of 4 Aces and Financial Casualty, and issued a bench warrant for Young’s arrest.
A bond forfeiture hearing, set by the court at the time of the bench warrant, was ultimately conducted on March 28, 2005, and the bond was forfeited.
On that day, the record court minutes read:
THE DEFENDANT WAS NOT PRESENT OR REPRESENTED BY COUNSEL. CASE WAS TAKEN UP FOR BOND FORFEITURE HEARING. EVIDENCE WAS ADDUCED, CLOSED AND MATTER WAS SUBMITTED. THE COURT ORDERED THE BOND FORFEITED. JUDGMENT OF BOND FORFEITURE READ, SIGNED AND FILED. AFFIDAVIT WAS FILED THIS DAY. (JUDGE R. EMANUEL)
IsThe evidence submitted by the state on March 28, 2005, in proof of the bond forfeiture included “In Globo S-l,” which contained a copy of the Appearance Bond and Power of Attorney number DS255171. Notably absent from the state’s documentary evidence was proof of notice of the hearing to the defendant and the surety as required by La. R.S. 15:85(1).
The initial written Judgment of Bond Forfeiture rendered on March 28, 2005, was made in error. It incorrectly cast Allegheny Mutual Casualty Company as surety in judgment, contained an incorrect Power of Attorney number, XC239124, and bond amount of $5,184.00. This judgment was filed into the Mortgage Records on March 28, 2005. An Affidavit by the clerk of court certifying that notice of the signing of the “Judgment of Bond Forfeiture” had been sent to Financial Casualty, 4 Aces and Young, by certified mail, return receipt requested, was filed into the record *118 on March 28, 2005, in accordance with La. R.S. 15:85(3)(b), but no return receipts accompanied that notice as required by that statute.
Thereafter, an “Amended Judgment of Bond Forfeiture,” which correctly named Financial Casualty as surety and contained the correct Power of Attorney number and bond amount, was prepared by the district attorney. That amended judgment states that it was read, signed and dated March 28, 2005, by the trial court. The judgment was filed into the Mortgage Records on March 29, 2005. The record minutes indicate that it was on March 31, 2005, that the amended judgment was “FILED THIS DAY AND SIGNED BY JUDGE RAMONA L. EMANUEL.” It is apparent that no additional hearing was conducted or evidence adduced [4prior to the issuance and filing of this Amended Judgment. No proof of notice of the “Amended Judgment” to Young, 4 Aces and Financial Casualty in the form of the affidavit of service under La. R.S. 15:85(3)(b) was executed and filed by the clerk of court.
On November 21, 2005, Anthony Bowers, individually and on behalf of 4 Aces, as agent for Financial Casualty, (“Movers”) filed a motion within the original criminal proceedings to vacate the March 28, 2005 judgment and to surrender Young so as to exonerate them from liability on Young’s bail undertaking. Movers sought to nullify the Amended Judgment, on the grounds of lack of notice as required by La. R.S. 15:85.
The November filing was made outside of the time periods of La. R.S. 15:85(5) for bringing defenses. Movers argued that:
1) Notice of the judgment of bond forfeiture was first received through a November 9, 2005 letter from the Caddo Parish District Attorney’s Office which notified 4 Aces and Financial Casualty that it was the intent of the DA’s office to file a rule to show cause for collection of the bond amount, if the sum of $11,070.27 was not paid.
2) Young had been incarcerated in the Union Parish Detention Center in Farm-erville, Louisiana since July 21, 2005 and that had it been properly served with notice of the bond forfeiture judgment, Young would have been surrendered and 4 Aces exonerated from its bond liability.
4 Aces also sought leave of court to surrender Young to Caddo Parish and to thereby be exonerated from liability on the bond contending that it paid the Cad-do Parish Sheriffs Office the cost of transporting Young from Union Parish. Attached to the motion were record minutes in Young’s illegal possession of stolen things proceedings from November 10, 2003, through March 31, 2005, a copy of the above-noted November 9 letter from 15the Caddo Parish District Attorney’s office seeking payment under the bond, a November 21, 2005 receipt to 4 Aces evidencing payment of $184.26 travel costs, a November 18, 2005 Letter of Incarceration from the Warden of the Union Parish Detention Center evidencing Young’s incarceration from July 21, 2005 through November 18, 2005, copies of both the original and amended judgments of bond forfeiture and copies of unidentified and partially illegible certified mail and return receipt requested forms addressed to 4 Aces from the Caddo Parish Clerk of Court.
The record minutes indicate that the hearing on the motion was originally set for December 12, 2005, but never occurred. Thereafter Young appeared before the court with counsel on December 20, 2006, March 5, 2007, April 30, 2007, June 11, 2007, November 27, 2007, January 7, 2008, and February 13, 2008. On April 7, 2008, *119 the District Attorney entered a dismissal in the criminal prosecution.
On January 20, 2011, after five years, the District Attorney filed an answer to Movers’ motion to vacate the bond forfeiture judgment. The District Attorney argued that the motion to nullify the bond forfeiture was untimely filed after September 29, 2005, or six months following the Amended Judgment, and that:
1) Notice of Judgment was mailed to the Surety, Bail Bonds Agent and Defendant within the 60 days allowed for doing so at the address provided by the Bail Bond Agent as required by Code of Criminal Procedure Art. 322.
2) Notice of Judgment was delivered on April 1, 2005.
3) Notice of Judgment was returned from the Bail Bond Agent’s address.
4) No provision of the Louisiana State Law requires that any further attempt to notify Bail Bond Agent be made.
lfiHearing on the motion to vacate was held on July 14, 2011. Young was present with counsel. Movers’ attorney argued that there had been a previous compromise between 4 Aces and another Caddo Parish district attorney in which the state agreed to dismiss the matter if Young’s transportation costs to Caddo Parish were paid. Movers argued that the fact that the matter was taken off the docket in December of 2005 and the length of time that had elapsed until the 2011 hearing evidenced that the settlement had taken place. Movers were prepared to present the testimony of Anthony Bowers, the individual who allegedly made the agreement with an assistant district attorney, and a copy of the receipt received by Bowers evidencing payment of transportation costs. The state denied that an agreement had been reached but stipulated that the transportation costs had been paid after the six months had run.
Other than the discussion of the alleged compromise and the stipulation of transportation costs, neither party presented any other evidence at the hearing. The trial court then had the clerk review the minutes of the proceedings on the record and recognized that the criminal charges against Young had ultimately been dismissed. The court indicated that it had brought this fact “to both counsel’s attention” and “gave both sides the opportunity to confer with each other prior to coming to court on today.” The trial court denied the motion to vacate the judgment after noting only that it was the “DA’s office that generates the docket.” Movers objected to the ruling. A written judgment was signed by the Court on July 1714, 2011. This appeal by Young, 4 Aces and Financial Casualty (“Appellants”) ensued.

Discussion

On appeal, appellants argue that the trial court erred in disallowing evidence of a compromise and settlement at the bond forfeiture hearing and in declining to vacate the bond forfeiture judgment due to failure to comply with La. R.S. 15:85 and C.Cr.P. art. 344.
One who posts an appearance bond enters into a suretyship agreement with the State. This is considered a civil contract based upon an act under private signature, breach of which will lead to a money judgment against the surety. State, City of Bossier City v. Miller, 40,492 (La.App.2d Cir.1/25/06), 920 So.2d 408; State v. Berry, 29,359 (La.App.2d Cir.4/2/97), 691 So.2d 375; State v. Bailey, 567 So.2d 721 (La.App. 2d Cir.1990). A surety underwriting a bond guarantees that a defendant will be present at each stage of the proceedings, that he will submit to the orders of the court, and that he will not leave the state without permission of the court. State, City of Bossier City v. *120 Miller, supra. See also La.C.Cr.P. art. 311. A bond forfeiture is basically a civil proceeding that is subject to special rules set forth in the Code of Criminal Procedure. La. R.S. 15:83; State v. Hill, 41,925 (La.App.2d Cir.2/28/07), 953 So.2d 849; Bankers Ins. Co. v. State, 37,080 (La. App.2d Cir.4/11/03), 843 So.2d 641, writ denied, 03-1240 (La.6/27/03), 847 So.2d 1268.
The general rule is that bond forfeitures are not favored. State v. Kerrison, 97-1759 (La.10/17/97), 701 So.2d 1347; Bankers, supra. In | «order to obtain a judgment of bond forfeiture against a surety, the state must strictly comply with the terms of the statutory provisions regulating bond forfeiture. Hill, supra; Bankers, supra. This includes the notice requirements required to be given after the entry of forfeiture. State v. Hathaway, 403 So.2d 737 (La.1981).
In 2005, La. R.S. 15:85 (hereinafter the “Statute”) was the relevant provision applicable to this matter because the law in effect at the time of the bond forfeiture applies. State v. Adkins, 613 So.2d 164 (La.1993); Bankers, supra.[1] That Statute read in relevant part as follows:
All bonds taken to secure the appearance of any person before any court executed in the state of Louisiana shall be forfeited and collected as follows:
(1)Failure to appear and answer. If at the time fixed for appearance the defendant fails to appear and answer when called, the judge, on motion of the prosecuting attorney, upon hearing of proper evidence including: the bail contract; the power of attorney if any; and the notice to the defendant and the surety as required by Article 344 of the Code of Criminal Procedure, shall immediately and forthwith issue a warrant for the arrest of the person failing to appear and order a judgment decreeing the forfeiture of the bond and against the defendant and his sureties in solido for the full amount of the bond.
(2) Signing of the judgment of bond forfeiture. Following the defendant’s failure to appear, the court shall sign a written judgment of bond forfeiture.
(3) Notice of judgment.
(a) After entering the fact of the signing of the judgment of bond forfeiture in the court minutes, the clerk of court shall promptly mail notice of the signing of the judgment of bond forfeiture. The notice of the signing of the judgment shall be mailed by United States certified mail with return receipt to all of the following:
19(i) The defendant at the address designated pursuant to Code of Criminal Procedure Art. 322.
(ii) The personal sureties at the addresses designated pursuant to Code of Criminal Procedure Art. 322.
(iii) The agent or bondsman who posted the bond for the commercial sureties at the address designated pursuant to Code of Criminal Procedure Art. 322.
(iv) The commercial sureties at the addresses designated pursuant to Code of Criminal Procedure Art. 322. Notice to the commercial sureties shall include the power of attorney number used to execute the bond without which the bond obligation of the commercial surety shall be suspended until the power of attorney number is supplied provided the commercial surety provides notice to the clerk of court who mailed the notice to the surety of the failure to include such number in the notice by certified mail not later than thirty days following receipt of notice of the judgment. If the *121 power of attorney number is not provided to the commercial surety within thirty days following the date of receipt by the clerk of court of the notice that it was not included in the notice of the judgment, the commercial surety shall be released from the bond obligation.
(b) After mailing the notice of the signing of the judgment of bond forfeiture, the clerk of court shall execute an affidavit of the mailing and place the affidavit and the return receipts in the record.
(c) Failure to mail proper notice of the signing of the judgment within sixty days after the defendant’s failure to appear shall release the sureties of any and all obligations under the bond.
(5) Summary proceedings. The defendant and his sureties shall be entitled to bring defenses and actions in nullity by use of summary proceedings in the criminal matter before the trial court which issued the judgment of bond forfeiture within sixty days from mailing the notice of the signing of the judgment of bond forfeiture. Any summary proceeding brought by the defendant or his sureties within the sixty-day period shall be determined by the court within one hundred and eighty days of mailing the notice of the signing of the judgment of bond forfeiture. The defendant and his sureties shall be entitled to bring defenses pursuant to Code of Criminal Procedure Art. 345 and R.S. 15:87 by use of summary proceedings in the criminal matter before the trial court which issued the judgment of bond forfeiture within six months from mailing the notice of the signing of the judgment of bond forfeiture.
The purpose of the power of attorney number is to ensure that the surety can quickly identify its obligation and the power of attorney on which | inthat obligation is based. Requiring prompt and adequate notice to the surety enhances the surety’s chances of locating the defendant and surrendering him to the court for trial, a desirable objective from the point of view of both the surety and the state. State v. Bullock, 412 So.2d 1059 (La.1982).
Any inadequacies in notice must be shown to prejudice the defendant. State v. Bullock, supra; State v. Brown, 577 So.2d 784 (La.App. 2d Cir.1991); State v. Owens, 561 So.2d 842 (La.App. 2d Cir.1990), writ denied, 566 So.2d 400 (La.1990). Minor defects are harmless if the record as a whole shows that the surety received notice and was not prejudiced by the deficiencies. State v. Brown, supra.
Although certain other notices afforded for the surety’s protection within the Statute also appear deficient from the record, we will address Appellants’ assertion that there is no evidence of the Statute’s required notice of the Amended Judgment of Forfeiture rendered in March 2005. The affidavit of the clerk of court of the signing of the Judgment required under subpart (3)(b) of the Statute cannot be said to have occurred because of the confusion surrounding the erroneous initial Judgment and Amended Judgment. The affidavit of the clerk that is in the record must be viewed as an attempted notice of the “Judgment of Bond Forfeiture” of March 28, which was the erroneous judgment, and not the “Amended Judgment” later executed by the court. Moreover, no evidence of the return receipt of the mailing of notice of either of the two judgments is shown in the record.
| n Accordingly, pursuant to subpart (3)(c) of the Statute, the failure to mail notice of the signing of the Amended Judgment within 60 days of its execution resulted in the release of the surety’s obligation under the bond.

*122
Conclusion

The judgment of forfeiture is reversed and set aside. Judgment is hereby rendered releasing Financial Casualty from liability under the bonds. Costs of this appeal are assessed against the State in the amount of $172.50.
REVERSED AND RENDERED.

. In 2010, the laws pertaining to bond forfeiture were substantially revised.